HART F. PEASE, Appellant, *v.* JACOB CHRIST, Respondent.

Defendant, upon a valid consideration, had agreed to assign to plaintiff a certain lease which he held of certain premises, on the first day of April, 1853, and to make a perfect title to said premises. On the 19th of the previous May, the defendant had executed two separate leases for portions of said premises for the term of six years. On the first day of April, pursuant to agreement, the parties met and executed their several agreements; the defendant executing the assignment of his lease for the premises, and also assigning to the plaintiff the two leases of May 19, 1852, which the plaintiff accepted and notified the lessees thereof of his rights; the defendant, at the same time, covenanted that the said assigned premises were free and clear of and from all former and other gifts, grants, bargains, sales, leases, judgments, executions, back rents, taxes, assessments and incumbrances whatsoever, subject to the covenants of the lease. Subsequently the plaintiff sued the defendant for a breach of his covenant on the ground of the outstanding leases of May 19, 1852, assigned by defendant to plaintiff, as above stated. *Held by the court,*

That the existence of the leases of May 19, 1852, which were transferred to the plaintiff by the defendant at the time of making such covenant, did no constitute a breach of such covenant.

That the conduct of the plaintiff, at the time of the making of such covenant by the defendant, in receiving such assignments of said outstanding leases, and notifying the lessees thereof of his ownership, was sufficient evidence that the leases of May 19, 1852, were not considered by the parties, at the time, as being within the defendant's covenant.

A SUFFICIENT statement of the facts in this case will be found in the opinion of Judge DAVIES.

*F. Byrne,* for the appellant.

I. The report of the referee is conclusive upon the propriety of his finding upon the facts. The only questions left are, whether the facts so found justify his award of damage, and whether proper evidence was excluded and improper admitted. (Code, § 272; *Orchard* v. *Cross,* 12 Barb., 294.)

II. The covenant against previous grants and incumbrances being by words *in presenti,* and therefore broken as soon as made, by the previous assignments or leases to Huszak and Sevin, the whole damage occurred at once, and but one action could ever be brought on it. (Rawle on Cov., 285, 289, 293.)

III. The sum parted with to get in the interest of Sevin, formed part of the damages. (Rawle on Cov., 131, and cases cited.)

IV. The whole title of the plaintiff to the unexpired term in the premises leased, having failed by the previous conveyance of it by the defendants to Huszak and Sevin, he was entitled to recover the whole of the purchase-money mentioned in his assignment and interest, far exceeding any amount awarded in this case. (*Chapel* v. *Ball*, 17 Mass., 221.)

V. The referee was not limited in his estimate by the allegation in the complaint that the leases outstanding were to the 1st of May, 1853, only, being mere words of description, and immaterial in regard to which a variance could be overlooked by him. (2 Greenl. on Ev., § 244; Rawle on Cov., 121, n. 2, and cases; Code, § 169; *Harmony* v. *Bingham*, 1 Duer, 210.)

VI. If the assignment by the defendant to the plaintiff operated to assign the rents due to the former, the measure of damages of the latter would be either the difference of the rental of the property for six years, amounting to twelve hundred dollars, or as to the premises occupied by Sevin, interest on the portion of the purchase-money paid for them, from the time he surrendered them, together with the sum paid to procure the surrender, and as to the residue the difference of the value of its rental, and the sum paid by Huszak, during his term, amounting in all to nearly one thousand nine hundred dollars. (*Richort* v. *Snyder*, 9 Wend., 423.)

VII. The rent collected by the defendant properly belonged to the plaintiff, and the former was responsible either for it, as money received to the use of the latter, or as part of the damages sustained by the existence of the previous leases.

VIII. The defendant was liable in equity to an apportioned part of the rent due to Stone, for two months out of the quarter, ending on the 1st May, 1853; if not it formed a back rent, within the meaning of the covenant against them; or was admissible in diminution of the rent due by

Sevin, on the first of May, 1853, if taken in account, in estimating the value of the premises.

IX. The facts found by the referee as fully protect the plaintiff's rights to the damages awarded, as a jury's special verdict would a general verdict, as to damages, even if his mode of arriving at the amount embraced any erroneous item.

X. The proposed evidence of a verbal agreement or understanding, was wholly inadmissible, and the answer admitted that the assignment in question was a consummation of the agreement offered in evidence by the defendants. (*Houghtaling* v. *Lewis*, 10 Johns., 297; *Bull* v. *Willard*, 9 Barb. S. C., 641, 646, and cases.)

XI. The two assignments of the leases to Huszak and Sevin, subsequent in date to the assignment of the original lease, even if proved to have been delivered to the plaintiff, which they were not by the mere record, did not vary the liability of the defendants. (*Elsir* v. *Metcalf*, 1 Denio, 324; *Funk* v. *Voneida*, 11 Serg. & R., 112; *Levit* v. *Wetherington*, Lube, 317; *Grue* v. *Scarborough*, 2 Speers, 654.)

*O'Gorman & Wilson*, for the respondent.

DAVIES, J.  The facts in this case, as gathered from the documentary evidence adduced upon the trial thereof, are as follows: On the 28th of March, 1853, the appellant being the owner of a certain farm in New Jersey, consisting of about 80 acres of land, agreed to execute and deliver to the respondent, on or before the first day of April. then next, a good and sufficient warranty deed for the same, free and clear of all incumbrances, except two mortgages, amounting to the sum of $1,700; and, on that day, he also agreed to pay the respondent the sum of $350. The respondent, in consideration of the premises, agreed, on delivery of said deed and said payment in cash, to assign to the appellant a certain lease of premises known as No. 390 Broadway, New York, made by James Stone to John J. Sevin, and by Sevin assigned to the respondent, reserving to himself, however, the rents up to the first day of May then next. It was

further provided in the agreement, that the title was to be perfect in each case. The crops then on the farm, it was understood, were to become the property of the respondent. On the first day of April, 1853, the parties met to execute the agreement, and the appellant made and executed the deed for the New Jersey farm, and paid the $350 in cash, and the respondent, on the same day, made and executed an assignment of the lease of Stone to Sevin, and assigned by the latter to him, *habendum*, from the first day of April, 1853, for the residue of the time therein mentioned; and the assignment also contained a covenant on the part of the assignor, that the said assigned premises were then free and clear of and from all former and other gifts, grants, bargains, sales, leases, judgments, executions, back rents, taxes, assessments and incumbrances whatsoever, subject to the covenants in said lease. On the 19th of May, 1852, the respondent had made and executed two separate leases for portions of said premises; one to John J. Sevin for the term of six years from May 1, 1852, and one to Julius Gustav Huszak for the term of five years therein mentioned. On the same first day of April, 1853, and in execution of the agreement, and at the time of the assignment of the lease of said premises held by the respondent, he made and executed to the appellant two several assignments of the said leases to Sevin and Huszak, *habendum*, from the first day of May then next, for and during the several terms in said leases respectively mentioned, and each of said assignments contained a covenant on the part of the assignor, that the said assigned premises then were free and clear of and from all former gifts, grants, bargains, sales, leases, judgments, executions, back rents, taxes, assessments and incumbrances whatsoever. This action was commenced to recover the rents received by the defendant from Sevin and Huszak, from the first of April, 1853, to May first, and the quarter's ground rent due on the lease from Stone, falling due May 1, 1853, amounting to the sum of $176.25, and the whole amounted to the sum of $689.46, for which sum the referee gave judgment, and the same was reversed by the General Term and a new trial

ordered. The plaintiff now appeals to this court from that order, and stipulates that, if such order be affirmed, judgment absolute shall be rendered against him.

The order made by the General Term was undoubtedly correct, and should be affirmed. There has been no breach of covenant on the part of the defendant; neither has he done, or omitted to do anything which should subject him to the plaintiff's claim for damages. A brief reference to what the parties agreed to do, and what they actually did, will clearly demonstrate this position. By the agreement of March 28, they arranged for an exchange of property, the same to be made on the first day of April ensuing. The plaintiff, on his part, agreed to convey his farm in New Jersey, and pay the defendant the sum of $350 in cash. The defendant, on his part, agreed to assign to him the lease from Stone to Sevin, then owned and held by him, the particulars of which lease were indicated by a reference to it. By the express terms of this agreement, the defendant reserved to himself, however, the rents up to the first day of May then next. This reservation has no meaning or significance unless it be read as it was obviously intended. The rents of the premises, the lease of which was to be assigned to the plaintiff, which should accrue up to the first day of May, 1853, and then payable, by the agreement of the parties, were to belong to, and be collected by the defendant; and it is most difficult to perceive upon what theory, in the face of this plain and specific agreement between the parties, the referee charged the defendant with the rents so accruing and collected by him. If we refer to the terms of the assignment of the two leases, we shall see that the parties incorporated into them the substance of this agreement. In the *habendum* clause of each assignment, the assignee was to hold the assigned premises, not from the day of the date of the assignment, but from the first day of May then next. In other words, the assignee of the leases, who was to succeed to all the rights of the assignor therein, did not enter, and could not enter upon the enjoyment of such rights, until from and after the first day of May then next. This was a reservation

to the defendant of the accruing rents, up to May first, in accordance with the terms of the agreement of March 28th. But it is contended on the part of the plaintiff, that there has been a breach of the covenant of the defendant in his assignment of the lease from Stone to Sevin to the plaintiff, wherein he covenants, at the date of the assignment, that the assigned premises were then free and clear of and from all former and other gifts, grants, bargains, sales, leases, judgments, executions, back rents, taxes, assessments and incumbrances whatsoever. To arrive at a correct interpretation of the language used here, we must refer to the agreement of March 28th, and the assignments of the two leases to Sevin and Huszak, executed simultaneously. We perceive that a similar covenant, in the identical language used here, is contained in each of these assignments, and that the parties acted with full knowledge of the existence of these three leases, and that these three covenants contained therein, are to be intended, and were intended as referring to other and different incumbrances, leases or charges. The plaintiff, by accepting the assignment of the two leases to Sevin and Huszak, showed conclusively that he did not regard them as incumbrances of the character covenanted against, in the assignment of the lease of Stone to Sevin; and by the acceptance of the latter assignment, he also demonstrated that he did not regard the covenants, contained in these two assignments, as violated or impaired by the existence of these two leases. Again, the plaintiff, I think, is precluded from setting up the claim, that the leases to Sevin and Huszak were breaches of the covenant, contained in the assignment by the defendant to him of the three leases, by reason of his acceptance of the assignments of those two leases, and his call upon the lessees therein to attorn to him. He certainly, in his notice to them, made a claim for rents to which he clearly had no right by the terms of the agreement of March 28th, and by the express terms of the assignments themselves. He is none the less, however, bound by the election he made to accept the leases, and he cannot now be permitted, because he failed to obtain what he was not entitled to, under and

by virtue of them, to recover damages of the defendant, by reason of their existence. In any aspect, therefore, in which the matter is viewed, it is very clear that the leases to Sevin and Huszak are no breach of the defendant's covenant. It is clear, also, that the plaintiff has no claim whatever to the rents accruing on the leases, up to the 1st day of May, 1853. Neither is there any foundation for the claim of the difference between the rent reserved in the leases and the actual value of the rental. The plaintiff accepted the assignments of the leases, well knowing the terms thereof and the rent reserved. The time for him to interpose objections was when such assignments were offered to him. He not only accepted them, but claimed the rent reserved under them, and there is no ground for his claiming to recover of this defendant any difference between the rent reserved and the actual value of the rental.

There was no guaranty or covenant on the part of the defendant, of the rents reserved by the leases. He had therefore no responsibility in reference to the sum of $225. The referee to whom this action was referred, reported that the plaintiff had sustained damages by reason of the breach of the covenants contained in the assignment to him by the defendant, by reason of the existence of the leases to Sevin and Huszak, and the ground rent due to said Stone, in the sum of $150, being that portion of ground rent which accrued previous to April 1, 1853, and which, with interest from May 1, 1853, amounted to $176.25. And also in the sum of $66.66, being the difference or excess of rent accruing from April 1, 1853, to July 1, in that year, the date of the commencement of the action, on the premises rented by the defendant, between the actual value of the rental and the sum at which defendant had rented the same, which, with interest from July 1, 1853, amounted to the sum of $77.54. And also in the sum of $223, being the amount remitted and paid by the plaintiff to get possession of the premises occupied by Sevin, with interest on the same from July 1, 1853, amounting to $259.42. And also in the sum of $150, being the rent for the month of April, 1853, col-

lected from the defendant from Sevin and Huszak, which, with interest from May 1, 1853, amounted to those rents; or any interest in, or connection with the same, after the first day of May. If the plaintiff thought it for his interest to terminate the lease with Sevin and pay him money therefor, it was no concern of this defendant, and for which no liability attached to him. The covenant of the defendant in the assignment of the Stone lease was not broken by the fact that a portion of the quarter's ground rent, due on the first day of May, 1853, may have accrued on the 1st of April preceding. At the time this covenant was entered into, there was no rent due to Stone. It did not fall due until May 1, 1853; and the two months' ground rent, which the referee charged to the defendant, was not due at the time of the assignment. It was not, therefore, back rent, and was not covenanted against, and the plaintiff, as assignee of the lease, was bound to pay it. On the 1st of May, 1853, a quarter's rent was due as an entirety, and the sum could not be apportioned without the express agreement of the parties; and there is no pretense that any such agreement was made or contemplated. (*Zule* v. *Zule,* 24 Wend., 76, 78; *Mosely* v. *Marshall,* 21 N. Y., 280; see also, *William Clun's Case* 10 Coke, 127.)

The order granting a new trial should be affirmed, with costs, and judgment absolute be given against the plaintiff, in accordance with his stipulation.

JOHNSON, J. No objection is raised by the counsel for the appellant, that the proper exceptions were not taken on the part of the defendant to raise the questions considered by the Supreme Court in reversing the judgment.

Upon the merits of the case, as disclosed by the evidence, there can be no doubt that the judgment was entirely erroneous, and was properly reversed by the Supreme Court, if it was open to review there, upon the facts and the law. I shall assume that it was so, as no question is made that it was not, and the court then reviewed the whole case upon its merits. The referee seems to have decided that the cove-

nant in the assignment, on which the action was brought, was broken by the existence of the two sub-leases from the defendant to Sevin and Huszak, and their possession of the portions of the premises leased to them respectively, assuming that such possession was in violation of the plaintiff's rights as assignee of the orignal lease, and under the covenants in the assignment of the same to him. But the evidence before the referee shows conclusively, and beyond the possibility of controversy, that these two sub-leases were also assigned by the defendant to the plaintiff on the same day with the original lease, by assignments containing precisely the same covenants as that on which the action is brought, and that the plaintiff had given notice to these sub-tenants of the assignment of their leases to him and that the rent should be paid to him.

As respects the loss of the April rent, complained of, and allowed by the referee, the agreement between the plaintiff and the defendant, in express terms, reserves it to the defendant. And so it appears in the assignment of each of these sub-leases.

The plaintiff recovers on the ground that he was kept out of possession by these sub-tenants, and also for moneys paid by him to induce one of them to remove and surrender his lease, where the fact is indisputable that both were his tenants, and that he was in possession through them from the first of April.

The defendant set up in his answer, by way of defense, that the agreement between himself and the plaintiff, of the 28th of March, was fully executed by him on the 1st of April following, by the assignment of the original lease and these two sub-leases, by separate instruments, which three instruments were all parts of one agreement. Of the evidence tending irresistibly to prove this, the referee takes no notice whatever. That these three assignments were but a single transaction can admit of no doubt. The object unquestionably was to fulfill the agreement, and the three assignments, and the covenants in each, should have been construed together, in reference to the written agreement between the

parties, in performance of which, by the defendant, the assignments were made and delivered. The acceptance, by the plaintiff, of the three assignments at the same time, and of the same date, with the same covenant in each, shows what was designed and understood by both parties. Construed together as a single act or transaction, in view of the agreement, it will be seen clearly that there is no such breach or breaches as are alleged in the complaint, and found by the referee.

The error, I think, arises from an entire misconception on the part of the referee, of the legal force and effect of the covenant counted upon, in view of the written contract, and of the assignments of the two sub-leases containing similar covenants. This, it seems to me, is an error of law which goes to the entire merits, and to which a general exception is sufficient; a more unwarrantable recovery upon the merits cannot well be conceded.

I am of opinion, therefore, that the judgment should be affirmed.

All the judges concurring,

Judgment affirmed.