WILLIAM HALDANE v. MARTIN L. SWEET AND DESDEMONA. S. SWEET.

MARTIN L. SWEET AND DESDEMONA S. SWEET v. WILLIAM HALDANE.

*Fraud by duress—Laches—Waiver—Breach of covenant against incumbrances—Outstanding rights—Costs.*

1. A grantee's delay of nearly six years and a half in bringing suit to have the sale to him rescinded as for duress in compelling him to make the purchase, amounts to gross laches and a waiver of the fraud practiced on complainant, if during that time he has recognized the validity of the purchase by making payments on it, and has treated the property as his own in all respects to the exclusion of defendant, and if meanwhile the testimony of those who knew the facts has been lost by their death.

2. The duress, if any, practiced in refusing to carry out one's agreement after the person to whom it was made has gone so far in reliance on it that he must buy out the other party or suffer serious loss, is a species of fraud, and must be complained of promptly if the latter wishes to rescind the transaction.

3. No complaint can be made in equity of such breaches of the covenants of a deed as incumbrances consisting of leases of which complainant accepts the benefit, or of alleys which were open to observation, and of which he knew when he bought.

4. A grantee who claims to have had to buy a title outstanding in third persons who do not appear to have asserted it and whose right is doubtful, can hardly claim rescission on this ground in equity, but must sue on the covenant.

5. The wife of a defendant in foreclosure is properly made a party because she is interested in the question whether the mortgage was for purchase-money so that its foreclosure would cut off her right of

dower. But if the subpœna served on her has no underwriting to let her know the purpose of the suit, and if, in consequence, she appears and disclaims and replication is filed to her disclaimer, she is entitled to the costs of a solicitor's fee on the dismissal of the suit as to her, and if it is not allowed, to a solicitor's fee on appeal.

Appeal from Kent. (Gage, J.) Oct. 21.—Oct. 22.

FORECLOSURE bill. The Sweets appeal. Decree modified.

*Blair, Kingsley & Kleinhans* for Haldane.

*Norris & Uhl* for the Sweets.

COOLEY, C. J. The able and ingenious argument made by the counsel for the principal defendants in the original suit and the complainants in the cross-suit, has failed to satisfy us that there is any equity in the case set up for his clients.

The original bill is filed to foreclose a mortgage given by defendant Martin L. Sweet on certain premises in Grand Rapids. It was a purchase-money mortgage, and was given May 1, 1874. The purchase price of the premises was $21,000, of which $2000 was paid at the time, and the mortgage now in suit given for the remaining $19,000. Possession of the premises was immediately given to the purchaser, and has been held by him ever since. A brick store was upon the premises, and also other buildings, and improvements have been put upon these since the purchase, at the discretion of the purchaser. Payments have also been [made upon] the mortgage from time to time, the last of which was made September 13, 1880—six years and four months from the time of the purchase. After this payment Sweet refused to pay any more, claiming that the purchase was forced upon him by duress, and demanding that it be rescinded. He also claimed that he was entitled to rescind because of breaches of the covenants of seizin and against incumbrances contained in the deed of the premises to him. Haldane, who was the vendor and mortgagee, refused to rescind, and filed his bill to foreclose the mortgage. The cross-bill was filed by defendants to set aside the purchase.

The alleged duress rests upon the following allegations:

Sweet, previous to the purchase, was owner of a valuable brick hotel in Grand Rapids, situate in the same block with the store of Haldane. The street in front of both, and the cellars in the block were liable to be flooded at the time of spring freshets by the overflow of Grand river, and the common council of the city decided to raise the grade of the street. Sweet deemed it advisable that his hotel should be raised at the same time, and sent to Chicago for an expert to consult with on the subject. The expert came on and examined the premises and reported that the whole block, as far as and including Haldane's store, ought to be raised together, because the buildings had common walls, and one could not be raised by itself without cutting the end off from the party wall between it and the next. Sweet thereupon went to Haldane and asked him to unite in having the buildings all raised together, the only other party concerned having already agreed to do so. Sweet claims that Haldane assented to this, and that he then went on and incurred expense in getting ready for the raising, but that afterwards Haldane notified him he should not raise his building, but only elevate the lower floor. This is claimed to have been in bad faith, and for the purpose of compelling Sweet to purchase, or lose his expenditures. Meantime the danger of a spring freshet was imminent. Under these circumstances negotiations for a purchase were entered upon, and finally completed as before stated. Sweet claims that he only made the purchase under the compulsion which has been stated above, and that the price he was to pay was considerably more than the value of the premises.

Haldane denies having made any agreement to raise his store before the negotiations of purchase, and denies all bad faith, and claims that the price was not unreasonable. A great mass of testimony has been taken on these subjects, but we do not think under the circumstances we are called upon to attempt to settle the issue of veracity between these parties.

Certain prominent facts in this case are too plain to be overlooked, and they are decisive. Conceding, for the purposes of this case, that the facts set up by Sweet would have

made out a case of legal duress, so that he might, if he had proceeded promptly, have had an equitable claim to have the purchase rescinded, it is very clear that by his subsequent conduct he has waived any such right. For more than six years before making any complaint he has dealt with the property as his own ; raising the building, and changing it at discretion, leasing it to tenants of his own selection, and for such business as he saw fit to allow to go into it; irrespective altogether of any wishes Haldane may have had on the subject, and making payments in recognition of the validity of the purchase. Meantime it appears that the two persons who, next to the parties to this suit, must have known most about the original transaction, have passed away by death, so that it has been impossible to obtain their evidence, and the court that should endeavor on this record to determine the questions of fact upon which the parties differ, could feel no assurance that the means of forming a correct judgment were afforded it.

It is impossible to sustain such a defense under such circumstances. It would be grossly inequitable to permit it to be entered upon at all. The laches is conclusive. The duress, if there was any, was a species of fraud, and should have been complained of promptly, while the facts were fresh and the witnesses were living. To attempt an investigation of the facts now might be to enter upon inquiries which, with the imperfect lights at our command, would lead us altogether astray and result in gross injustice. This is not to be sanctioned. Sweet, by his long acquiescence and by his acts of affirmance, has sanctioned what was done, even if at the time he might have been entitled to relief. This is all we need to say on this branch of the case.

The alleged breaches of covenant in the deed of conveyance are shortly disposed of. The premises, it is said, were incumbered at the time of the purchase. The incumbrances consisted of two public or semi-public alleys, and of certain leases of the buildings or of parts of them, and of a right of way. As to these leases, it appears they were turned over to Sweet, who has had the benefit of them. It is very plain,

therefore, that he is in no position to make any claim on equitable grounds as regards the leases. The alleys were open to observation at the time, and he must have known all about them and bought with them in mind. If they constituted a technical breach of covenant, they certainly present no equitable claim to a rescission of the purchase.

It is further said that Haldane's title was defective; and Sweet has bought in the name of another person a right which he alleges was outstanding in third persons. Upon this we have only to remark that these persons do not appear to have been asserting title, and their right is at least doubtful. Under the circumstances Sweet should be left to his suit on his covenant.

The only error we discover in the record was in not awarding costs to Mrs. Sweet. She was made a party to the original suit, though she had not signed the mortgage. This was proper enough, because she had an interest in the question whether the mortgage was in fact a purchase-money mortgage, so that its foreclosure would cut off her right of dower. But the subpœna in the case served upon her should have been underwritten with a notification of the purpose of the suit, so as to save her the necessity of giving any attention to the case. [Chancery Rule 122.] It appears that she appeared and filed a disclaimer, to which replication was unnecessarily interposed. When the case was dismissed as to her afterwards, costs to the extent of a solicitor's fee should have been given her. The decree will be modified in that regard, and in all others affirmed. Mrs. Sweet will be allowed a solicitor's fee in this Court.

The other Justices concurred.