[Civ. No. 257.   First Appellate District.—October 19, 1907.]

WILLIAM MANN, Respondent, v. GEORGE S. MONT-
GOMERY, Appellant.

CONVEYANCE—IMPLIED COVENANT AGAINST ENCUMBRANCE—LEASE—
CONSTRUCTION OF DEED AND ASSIGNMENT—DEED SUBJECT TO LEASE
—FINDING AGAINST EVIDENCE.—Although a lease is an encumbrance
within the covenants implied by the use of the word "grant" in
a conveyance in fee simple, yet where it appears from the evidence
that at the time of the delivery of the deed, and as part of the
same transaction, the plaintiff, who is suing upon a breach of the
implied covenant, required and obtained the assignment of the
lease, the deed and assignment must be construed as one instru-
ment, and the deed must be held subject to the lease; and a find-
ing to the contrary is against the evidence.

APPEAL from a judgment of the Superior Court of Ala-
meda County, and from an order denying a new trial.   Wm.
H. Waste, Judge.

The facts are stated in the opinion of the court.

F. A. Berlin, for Appellant.

Fred L. Krause, for Respondent.

HALL, J.—Plaintiff sued to recover for an alleged breach
of the implied covenant against encumbrances of a grant,
bargain and sale deed, and obtained judgment for the sum
of $600 as damages therefor.   This appeal by defendant is
from the judgment and the order denying defendant's motion
for a new trial.

Plaintiff, after alleging the execution and delivery by de-
fendant to plaintiff, on the ninth day of January, 1904, of a
grant, bargain and sale deed of a certain tract of land situate
in Contra Costa county, set up a breach of the implied cove-
nants thereof in this, that on the fifth day of October, 1903,
defendant had leased the said premises to one Thomas Fowler
for the period of one year ending September 30, 1904, for
the sum of $600, which it is alleged had been collected by de-

fendant, and that plaintiff had been deprived of the posses-
sion of said premises by the lessee under said lease.

Defendant in his answer admitted the execution and de-
livery of the said grant, bargain and sale deed, but set up
that at the same time, and as a part of the same transaction,
he assigned and set over to plaintiff said lease to Fowler,
and that it was fully understood and agreed that the convey-
ance of said premises was subject to said lease, and that de-
fendant should have the full benefit of the rents thereby
reserved, and that it appeared upon the face of said lease,
which was in writing, at the time of said assignment and
delivery thereof to plaintiff, that the rent had been fully
paid to defendant.  Defendant also alleged that it was fully
understood that the rents, issues and profits referred to in
said deeds were the rents, issues and profits to arise from
the said premises after the expiration of said lease, and he
denied that he had failed to perform any of the covenants
of his said deed.

The court did not find upon the allegations of defendant's
answer that the said lease was assigned to plaintiff at the time
of the delivery of the deed and as a part of the same transac-
tion, but did find in effect that said conveyance and deed was
not made subject to said lease, and that it was not under-
stood that defendant should have the benefit of the rents
collected thereon, and that plaintiff had not waived any of
the rents of said premises, and that defendant had failed to
perform the covenants of his said deed.

All of these findings are attacked by appellant as not sup-
ported by the evidence.

Plaintiff and defendant never met until after the execution
and delivery of the deed, but all their negotiations were con-
ducted through one White.  The transaction was in fact an
exchange of ·lands, and the papers were finally delivered
through the Central Bank of Oakland.  Plaintiff was fully
aware of the existence of the lease, and that the rent had been
prepaid thereon, before the consummation of the trade.  In
fact, he testified that he saw the lease, and saw the indorse-
ment thereon of a receipt for the rent.  There is no pre-
tense on his part that he did not know, before the trade was
consummated, of the lease, and that the rent thereon had been
fully prepaid at the execution of the lease, and that on the
face of the lease there was a receipt therefor from the lessor

(defendant) to the tenant, of even date with the lease. Speaking upon this subject plaintiff testified: "It was before any deeds were passed and before I left my deed in escrow. I was fully aware of the lease."

Prior to the consummation of the trade defendant had executed a writing and placed it in the hands of Mr. White, and plaintiff had signed a writing, and delivered it to Mr. White as agent of defendant, the combined effect of which it may be conceded for the purposes of this discussion bound the parties to an exchange of lands free of all encumbrances. Thereafter plaintiff placed the papers executed by him with the Central Bank of Oakland for delivery to defendant, accompanied with the following letter to the teller of the bank:

"Glenwood, Jan. 9th.

"Mr. Harris,—Dear Sir:

"Mr. Montgomery has leased the Contra Costa ranch. Kindly see that he leaves an assignment of it for me with the deed and oblige.

"Yours truly,
"WM. MANN."

Accordingly, Mr. Harris, the teller of the bank, when he delivered plaintiff's deeds to defendant, obtained from defendant not only the deed upon which this suit is predicated, but also an assignment of the lease indorsed thereon, from said Montgomery to said Mann.

It thus clearly appears that at the time of the delivery of the deed, and as a part of the same transaction, plaintiff required and obtained an assignment of the lease, the existence of which the court found to be a breach of the implied covenants of the deed.

In this we think the court fell into an error.

A lease is an encumbrance, and is within the covenants implied from the use of the word "grant" in a conveyance of an estate in fee simple (Civ. Code, sec. 1113). But where the grantee, at the time of taking his grant, and as a part of the same transaction, takes an assignment of such lease, the assignment and the deed must be read and construed together. They have the same effect as though contained in one instrument. If in this case the assignment had been contained in the deed, no one, we apprehend, would have doubted that the conveyance would have been understood as taken subject to

the lease, notwithstanding any general covenants against encumbrances implied in the deed. Two written instruments, executed between the same parties as a part of the same transaction, and concerning the same subject matter, must be read and construed together as one instrument.

So reading the deed and the assignment of the lease, it should be held that the conveyance in the deed was taken and accepted subject to the lease and all the conditions thereof appearing upon its face. The lease was for a term ending September 30, 1904, so plaintiff had no cause to complain that he did not obtain immediate and actual possession of the premises. The action was brought April 16, 1904. The indorsement on the margin of the lease of the receipt of the rent, signed by the lessor, had the same effect as though contained in the body of the lease, so plaintiff had no cause of complaint that he received no rent during the term of the lease.

What we have said in this discussion does not in the least militate against the rule that parol testimony may not be received to vary or contradict the terms of a deed or any other written contract, but is simply an application of the old and well-understood rule above announced as to the construction of two writings executed as a part of the same transaction.

No case in this state has been called to our attention where the precise point involved in this appeal has been decided; but in *Pease* v. *Christ*, 31 N. Y. 141, the point was decided in accordance with the views herein expressed. In the New York case plaintiff and defendant entered into a written contract, whereby plaintiff agreed to execute to defendant, on or before the first day of April then next, a good and sufficient warranty deed of a certain eighty-acre tract of land free and clear of all encumbrances except two described mortgages, and defendant agreed in consideration of the premises, upon the execution of such deed and the payment of $350 cash, to assign to plaintiff a lease of premises known as 390 Broadway, New York, made by James Stone to John J. Sevin, and by Sevin assigned to the defendant. It was further provided in the agreement that the title was to be perfect in each case. On the first day of April, 1853, the parties met to consummate the trade. Plaintiff executed the deed to the farm and paid the $350 cash. Defendant assigned the lease from Stone to Sevin, "and the assignment contained a

covenant on the part of the assignor (defendant) that the assigned premises were then free and clear of and from all former and other gifts, grants, bargains, sales, leases, judgments, executions, back rents, taxes, assessments and encumbrances whatsoever.'' On the nineteenth day of May, 1852, defendant had executed two separate leases for portions of said premises, one for a term of six years, and the other for a term of five years. On the same first day of April, 1853, and in execution of the agreement for exchange, and at the time of the assignment of the lease of said Broadway premises held by defendant, he made and executed to plaintiff two several assignments of the said subleases.

It was contended on the part of the plaintiff that the existence of the two subleases was a breach of the covenant against encumbrances contained in the assignment of the lease of the Broadway premises.

It was held that, reading the three assignments together, it was clear that the covenant against encumbrances contained in the assignment of the lease of the Broadway premises did not apply to the two subleases, assignments of which were accepted by plaintiff, and that the existence of said two subleases was no breach of such covenant.

To the same effect is *Haldane* v. *Sweet,* 55 Mich. 196, [20 N. W. 902], where it was held that a grantee could not complain because of the existence of two leases on the granted premises, which had been turned over to such grantee.

For the foregoing reasons we think the findings complained of are not sustained by the evidence, and the court should have ordered a new trial.

We discover no merit in the contention of appellant that the court should have sustained defendant's demurrer to the complaint.

The judgment and order are reversed.

Cooper, P. J., and Kerrigan, J., concurred.