## SIMONS *v.* DIAMOND MATCH CO.[1]

1. DEEDS — COVENANTS — CONVEYANCING — INCUMBRANCES — REAL PROPERTY.

   An incumbrance, within the meaning of covenants in deeds, is defined as every right to or interest in the land, to the diminution of the value of the land, but consistent with the passing of the fee by conveyance.

2. SAME—LEASE AS INCUMBRANCE—LANDLORD AND TENANT.

   A term for years under a lease prior to the conveyance is an incumbrance, which is not excepted from the warranty by reason of the fact that the grantee knew of the outstanding lease.

3. SAME—PAROL EVIDENCE RULE—INCUMBRANCES.

   Evidence is inadmissible to show that an existing incumbrance was regarded in fact as no incumbrance.

4. SAME—LANDLORD AND TENANT—RENTS—RIGHT TO COLLECT.

   The right to collect reserved rent passes with the title.

5. SAME—COVENANT AGAINST INCUMBRANCES—PERSONAL NATURE.

   A covenant against incumbrances is personal, broken when made, and does not run with the land.

6. SAME—PAROL EVIDENCE—CONTEMPORANEOUS REPRESENTATIONS.

   Oral assurance that tenants in possession have no rights in the premises cannot add to or vary the warranties of a deed.

7. SAME—DAMAGES—ASSIGNEE OF RIGHTS UNDER COVENANTS.

   The assignee of rights for breach of the covenant against incumbrances takes only such right as the assignor had and is limited to nominal damages if the assignor was so limited.

8. SAME—COVENANT TO SEISIN.

   The covenant, if a breach occurs, is broken when made.

9. SAME—EVICTION—COVENANT FOR QUIET ENJOYMENT.

   An eviction of the grantee occurs when a deed is executed conveying land held under an outstanding lease, not excepted from its warranties.

10. SAME—RIGHTS TO GRANTEE—BREACH OF COVENANTS.

   One who has parted with his interest in land parts with his right to enforce the covenants in prior deeds, until he is made liable upon his own covenants and has satisfied his liability.

[1] Rehearing pending.

11. SAME—COVENANT FOR QUIET ENJOYMENT.

The covenant for quiet enjoyment is prospective, and until a breach occurs passes with the estate by descent or purchase.

12. SAME—LEASE—INCUMBRANCES.

An outstanding lease is in no instance a breach of the covenant of warranty and should in all cases be held to be a breach of the covenant against incumbrances.

Error to Wayne; Rohnert, J. Submitted October 7, 1909. ( Docket No. 22.) Decided December 30, 1909.

Assumpsit by David W. Simons against the Diamond Match Company for breach of covenants in a deed. A judgment for plaintiff is reviewed by defendant on writ of error. Reversed, and judgment entered for plaintiff for nominal damages only.

*Geer, Williams, Martin & Butler,* for appellant.

*Charles C. Simons* and *William J. Gray*, for appellee.

The facts which are here stated are not disputed. The owner of certain real estate incumbered by two mortgages, one dated March 25, 1896, the other November 15, 1897, leased various portions of the premises to tenants; one of the leases made December 9, 1898, being for the term of five years, another, running one year, with the privilege of two years, from July 1, 1899, and a third for five years, from January 15, 1899. The junior mortgage was foreclosed in chancery, and the property was purchased at foreclosure sale by one Scane, and he received the circuit court commissioner's deed therefor. The tenants were not made parties to the foreclosure proceeding. Later, the senior mortgage was foreclosed by advertisement, and the premises were conveyed to the defendant by sheriff's deed dated October 3, 1901. Scane quitclaimed to the defendant. By a deed dated January 24, 1902, acknowledged January 27, 1902, the defendant, an Illinois corporation, conveyed the premises to Burrows H. Rothwell

by warranty deed. Rothwell, on January 29, 1902, conveyed the premises to the plaintiff by a warranty deed, subject to a mortgage, which Rothwell on the same day made to the Detroit Savings Bank, which the plaintiff assumed and agreed to pay. Meantime, the tenants above referred to occupied the premises. From them the defendant received rent, and it furnished to them heat and power, in accordance with the requirements of the respective leases. Both Rothwell and plaintiff knew how the premises were occupied, and were informed by defendant that the occupiers could remain only at the will of the owner, their leases having been avoided by the chancery foreclosure. Three of them declined to yield possession to plaintiff or to enter into new arrangements as his tenants. Notices to quit were served upon them, in which they were described as tenants under him. Proceedings were instituted February 24, 1902, before a circuit court commissioner to recover possession, and in the complaints which were filed plaintiff described himself as landlord and the occupiers as tenants under him. Judgments of restitution were rendered and were appealed from. In the circuit court one of the cases was tried and resulted in a judgment for defendant. That judgment was later affirmed in this court. *Simons* v. *Drill Co.*, 136 Mich. 592 (99 N. W. 862). Under date July 20, 1904, Rothwell, by an instrument in writing, sold and conveyed to plaintiff all his right and interest by reason of and under certain covenants of warranty in the deed from defendant to himself and all claims for damages and all rights of action arising out of any breach thereof. In 1907, plaintiff began this action in assumpsit. In his declaration, which contains a single count, he sets out his title, and of the deed from defendant to Rothwell it is averred that the defendant therein covenanted that it was well seised of the premises in fee, that they were free from all incumbrances, and that it would warrant and defend the same against lawful claims. He does not aver upon which of these three covenants he relies, nor,

unless by inference, the breach of any of them. The assignment by Rothwell of his rights of action for any breach is averred, a demand for possession of the premises upon defendant, and upon the persons in possession thereof, and inability to secure such possession. The right in which the occupiers held the property, or claimed to do so, whether they claimed as tenants or under a paramount or adverse title, when and under what right they entered, none of these things is specifically averred, but the institution of proceedings to recover possession, the result thereof, is recited, and a reference is made generally to what the records of the circuit court commissioner, of the circuit court, and of this court in those proceedings will disclose. It is averred that those proceedings were instituted at the request and with the advice and assistance of defendant. The declaration proceeds:

" By reason of the said proceedings and the said judgments, the said plaintiff and his assignor were kept out of the possession of the said lands and premises, from, to wit, the twenty-seventh day of January, A. D. 1902, to, to wit, the third day of October, A. D. 1902, and that the said plaintiff and his assignor were put to great damage and expense by reason of said efforts to obtain possession and said failure to do so. Thereupon said defendant became obligated to plaintiff's assignor to pay to him the damages resulting from the breach of the said defendant's covenants in said deed, to wit, the sum of two thousand dollars ($2,000). And the said defendant, well knowing the premises, then and there promised to pay the said plaintiff's assignor the said sum of money on request, yet the defendant has disregarded its said promises," etc.

With the plea of the general issue the defendant gave notice that plaintiff's grantor and assignor, Rothwell, was duly adjudicated a bankrupt on January 19, 1903; that in his petition he did not list any claim against the defendant for breach of any of the covenants of the said deed; that on February 10, 1903, a trustee of the bankrupt's estate was duly appointed, who qualified and who became vested with title to all the property of said Rothwell, as of

the date he was adjudicated a bankrupt; that said Roth-well did not give said trustee any information relative to any such claim against the defendant, and later, on March 30, 1903, he was discharged as a bankrupt; and that title to any such claim never revested in him. The trial of the action resulted in a verdict and judgment in favor of the plaintiff for $1,602.27, and upon this verdict judgment was entered. The verdict is based upon testimony of the rental value of the premises during the period plaintiff was kept out of possession. A motion for a new trial was duly made and was denied, for which denial the court assigned reasons in writing. The exceptions and the assignments of error based thereon raise, and the defendant, appellant, presents in this court, the following contentions:

(1) That the declaration wholly fails to state a cause of action.

(2) That the leases were terminated by the foreclosure of the second mortgage.

(3) That if the leases or the occupancy of the property under the leases constituted the breach of any of the covenants contained in the deed from defendant to Rothwell they were a breach of the covenant against incumbrances, and that the right of action for that breach did not pass to the plaintiff by the deed from Rothwell to him, and did not pass by the written assignment from Rothwell to the plaintiff because of the bankruptcy proceedings.

(4) That Rothwell sustained no substantial damage, for which reason plaintiff was in any event entitled to recover only nominal damages.

(5) That because it appears from the opinion of this court (136 Mich. 592 [99 N. W. 862]) that plaintiff failed to recover possession on account of not having given 30 days' notice to the tenants to quit he can recover only for 30 days' denial of possession.

OSTRANDER, J. (*after stating the facts*). The declaration does not by direct averment, or by the averment of facts or circumstances, allege or import a breach of any covenant in the deed from defendant to Rothwell. The averments may be held sufficient to supply, inferentially,

the information that the premises were occupied at the
time the said covenants were made. Employing this in-
ference, they are sufficient to apprise defendant that the
persons so occupying remained in possession after the
deed was delivered to Rothwell, and that as against plain-
tiff their right to remain in possession was judicially de-
termined. But in these averments no breach of any cov-
enant is assigned. If it could be said that the averment
that possession was demanded of defendant as well as of
the occupiers is consistent only with the idea that defend-
ant was unable to deliver possession, we are no better ad-
vised. The idea that an averment of eviction is to be
found in the declaration is consistent only with the other
idea that the deed to Rothwell conveyed the title to the
premises and with the title constructive possession, since
neither Rothwell nor plaintiff had actual possession. In
this view of the matter, the covenant of warranty is not
involved. And even if it should be assumed that the oc-
cupiers held under prior valid leases, and that the cov-
enant against incumbrances was for that reason broken,
it was broken when it was made. It is apparent, and is
admitted, that the grantee, Rothwell, suffered nominal
damages only. The contention is made that the testi-
mony establishes the fact that plaintiff, and not Rothwell,
was the real purchaser from defendant, and that therefore
the covenants inured to the benefit of plaintiff. Clearly,
no such theory as this is suggested in the declaration.
In my opinion, the declaration is wholly bad, and the ob-
jection to receiving any testimony should have been sus-
tained.

Some of my brethren do not agree with me, and are of
opinion that, inasmuch as no demurrer to the declaration
was interposed and a trial has been had, and especially be-
cause the declaration avers that the proceedings instituted
by plaintiff to recover possession of the premises were so
instituted at the request of defendant, and were conducted
with the advice and assistance of defendant, we should
treat the declaration as sufficiently averring a breach of

one or more of the covenants in the deed from the defendant to Rothwell. The information obtained from the testimony is that the parties in possession of the premises had leases, for years, from a former proprietor. After the chancery foreclosure the tenants attorned to the defendant upon the terms of their respective leases. They declined to enter into new arrangements with plaintiff.

An incumbrance, within the meaning of covenants in deeds, has been broadly defined as "every right to, or interest in the land granted, to the diminution of the value of the land, but consistent with the passing of the fee of it by the conveyance" (*Prescott* v. *Trueman*, 4 Mass. 627, 629 [3 Am. Dec. 246]), used with approval by COOLEY, J., in *Post* v. *Campau*, 42 Mich. 90, 95 (3 N. W. 272). See, also, 2 Greenleaf on Evidence (16th Ed.), § 242; Rawle on Covenants for Title (5th Ed.), §§ 75, 76. It is believed not to have been the practice in this State to except from the operation of the covenant against incumbrances outstanding leases. Yet it is clear that a term for years, under a prior lease, falls within the definition, and such a lease has been held to be an incumbrance within the meaning of the covenant. Rawle on Covenants for Title (5th Ed.), §§ 77, 78; *Edwards* v. *Clark*, 83 Mich. 246 (47 N. W. 112, 10 L. R. A. 659). In some jurisdictions it is held that, where the purchaser accepts a covenant against incumbrances with knowledge of the tenant's possession and claim, the lease will not be considered a breach of the covenant. In this State, although the deed is held to pass to the purchaser, as an incident of the reversion, the right to collect the rent reserved in the outstanding lease, evidence is not admitted to show that an existing incumbrance was to be regarded in fact as no incumbrance. And one who purchased with knowledge, and who had the benefit of the leases, was denied relief in equity. *Haldane* v. *Sweet*, 55 Mich. 196 (20 N. W. 902). Whatever doubt may have at any time been cast upon the doctrine that a bare covenant that the premises demised "are free from all incumbrances whatever" is per-

sonal, broken when made, if at all, and does not run with the land, no such doubt now exists. *Pease* v. *Warner*, 153 Mich. 140 (116 N. W. 994). There is testimony tending to prove that defendant assured plaintiff that the tenants in possession had no right to possession, and assisted plaintiff in his attempt to secure possession through legal proceedings. I know of no way to add these oral assurances to the written covenants in the deed from defendant to Rothwell, so as to extend or enlarge the effect of those covenants. The fact remains that defendant covenanted with Rothwell that the premises were free from all incumbrances. They were not. The covenant was broken, and Rothwell had his right of action. It is conceded that his damages were nominal. He assigned his right to plaintiff, who is limited in his recovery to such damages as Rothwell had suffered.

As to the covenant of seisin, it also was broken, if at all, when made, and Rothwell's right of action was an immediate one. It is contended, however, that a breach of the covenant of warranty is made out, and that this covenant is, as well, one for quiet enjoyment. It is conceded that, to constitute a breach of this covenant, there must be an eviction or a disturbance of possession under paramount title, and asserted that plaintiff's possession was disturbed when he was held out of possession by the tenants. Conceding, for the purposes of the argument, that the particular covenant may be treated as a covenant for quiet enjoyment (see *Peck* v. *Houghtaling*, 35 Mich. 127; Rawle on Covenants for Title [5th Ed.], § 114, and notes), if the outstanding lease was a breach of the covenant, it was broken—the eviction, if there was one, took place—when the deed from defendant to Rothwell was made. Rothwell was not let into possession. Assuming that he had, by virtue of his conveyance, the constructive possession, he was evicted. The paramount title was then asserted, and for the breach Rothwell had his right of action. True, the covenant is prospective in character, and, until breach occurs, passes with the estate by descent

or purchase. But it is conceded that the right of action for the breach does not pass with a subsequent deed of the land. One who has parted with his interest in land parts with his right to enforce the covenants in his grantor's deed, or in prior deeds, at least, until he is made liable upon his own covenants and has satisfied his liability. These considerations do not afford the plaintiff any aid, and, in my opinion, they do support the proposition that an outstanding lease is in no instance a breach of the covenant of warranty, and should in all cases be held to be a breach of the covenant against incumbrances. Plaintiff's title is not assailed What he seeks is indemnity for a loss of the use of the property he owns. He does not choose to assert his demand against his immediate covenantor. His rights are in any event limited by the damages accruing to his assignor, Rothwell.

In the view of the matter which has been indicated, the other questions raised and discussed by counsel become unimportant. A judgment should have been directed for the plaintiff for nominal damages, with costs to defendant. The judgment of the court below is reversed, with costs of both courts, and a judgment will be entered in the court below for the plaintiff for nominal damages.

BLAIR, C. J., and GRANT, MONTGOMERY, and HOOKER, JJ., concurred.