[L. A. No. 9282. Department One.—August 13, 1928.]

ADDIE S. CAMPBELL, Respondent, v. E. H. MILLER et al., Defendants; E. H. MILLER, Cross-complainant and Appellant.

William N. Rex for Appellant.

Kemp, Partridge & Kemp for Respondent.

CURTIS, J.—Action brought to recover the amount due on a promissory note, given as part payment of certain real property sold by the plaintiff to the defendant E. H. Miller, who will be referred to hereafter as the defendant. Alice A. Miller, the other defendant, is his wife, and her only interest in said real property is by reason of this rela-

tionship. By an amended answer and cross-complaint defendant sought to recover damages for an alleged breach of an implied covenant of the grant deed, executed by plaintiff to defendant, E. H. Miller, and conveying to said defendant the said real property. Said breach consisted, according to said amended answer and cross-complaint, of an outstanding lease of said premises, executed by plaintiff prior to said conveyance, whereby plaintiff leased said premises as a storeroom for a term extending some two years beyond the time of the purchase thereof by said defendant. The court found that "the said defendants had full notice and knowledge of the existence of the said lease and purchased the said premises with such full knowledge and with the agreement that they took the title thereto subject to the terms of said lease." Judgment was in plaintiff's favor for the full amount sued for. From this judgment the defendant has appealed, and the sole point made by him for a reversal of the judgment is that the evidence does not support the above finding of the court. ■ There was substantial evidence before the trial court to show that defendant, E. H. Miller, was well acquainted with the said real property before the purchase thereof by himself; that he owned the adjoining property and that he knew of the lease of said premises at the time of said purchase. The transfer of the property from plaintiff to him was consummated through escrow. At the same time defendants were selling half of said real property to a third party, and this second transaction was also carried on and completed through escrow. The escrowed instructions with plaintiff and also those with said third party were each signed by defendant, E. H. Miller, and the former contained the following provision: "I waive your securing lease through escrow; rent to be adjusted outside of escrow," and the latter escrow instruction contained a similar statement in these words, "I waive your securing lease through escrow; no rent to be adjusted through this escrow." After the execution and delivery of the deed the defendant for some months collected the rents due under the lease from the tenant in possession. Some two months after the date of the deed defendant called upon plaintiff and asked for said lease which was given him by the plaintiff. After this suit was brought the defendant called upon plaintiff's attorneys

and secured a stay of proceedings in the action upon the promise that he would be able in a short time to secure the money and pay the note in suit. Up to this time defendant never made any claim that he purchased the property free of said lease, nor did he make any objections to plaintiff or her attorneys as to the existence of the lease. This evidence is amply sufficient to support the finding of the court that at the time he purchased said real property he knew of the existence of said lease and purchased said real property with knowledge thereof. It is also sufficient in our opinion to support the finding that he purchased said real property "with the agreement that he took title thereto subject to the terms of said lease." If we shut our eyes to the conduct of defendant, E. H. Miller, subsequent to the purchase, when he accepted rent from the lessee, secured the written lease from plaintiff, without making any objections that it was an encumbrance on the property he purchased, and promised and agreed after suit was instituted to pay the amount due on the note provided an extension of time was granted in which to make said payment, and look solely to the agreement of the parties at the time they were negotiating for the sale and purchase of said real property, we are convinced that we will find sufficient evidence to support the finding last referred to. We refer particularly to the written escrow instructions which were signed by the parties and under which the grant deed to defendant was prepared and executed. These refer to the lease upon the premises and contain an express waiver by defendant that the escrow-holder need not secure this lease and that the rent thereunder would be adjusted outside the escrow. It is difficult to understand what the parties meant by this language unless they intended that the sale should be made subject to the lease. The agreement that the rent should be adjusted outside the escrow was a clear indication that the lease should continue on the property after its purchase by defendant and that the rent due under the lease would be adjusted, undoubtedly by the plaintiff receiving her *pro rata* share of the rent of the property up to the date of the purchase, and the defendant to receive the rent thereafter. If defendant under this agreement was to receive the rent of the property after the purchase, then the lease was not to terminate upon the purchase. While the escrow agree-

ment docs not specify the term of the lease, yet it mentions the lease and as there was only one lease of the premises it must be assumed that it was the lease under which the tenant in possession held the premises, to which the parties referred in their escrow agreement. ■ Defendant contends that he was entitled to rest upon his grant deed and the implied covenant therein against encumbrances suffered by the grantor. Ordinarily this would be so, but in the present instance by an agreement in writing under which the deed was drawn and thereafter executed and delivered, he expressly waived this implied covenant and agreed to accept the title to the property subject to the lease. Defendant has cited authorities to the effect that the deed cannot be varied by parol evidence. This rule has no application to the facts in the present action for the reason that the evidence by which it is sought to explain the deed was not in parol but was in a writing, signed by the defendant, directing the omission from the deed of the very matter upon which he now seeks to rely. In *Mann* v. *Montgomery*, 6 Cal. App. 646 [92 Pac. 875], the grantee sought to recover damages for the breach of the implied covenants in a grant deed by reason of the existence of a lease upon the premises at the time of their purchase. It was held that as the grantee required and obtained an assignment of the lease, the deed and assignment must be construed as one instrument, and the deed must be held subject to the lease.

For a like reason the admission of this evidence was not obnoxious to the provisions of section 1625 of the Civil Code, which provides that a written agreement supersedes all negotiations or stipulations concerning its matters, which precede or accompany the execution of the instrument (*Savings Bank of Southern California* v. *Asbury*, 117 Cal. 96 [48 Pac. 1081]; *Sivers* v. *Sivers*, 97 Cal. 518 [32 Pac. 571]). In the first of these two cases this court said, "the rule that an agreement in writing supersedes all prior or contemporaneous oral negotiations or stipulations concerning its matter has no application to a collateral agreement upon which the instrument is silent, and which does not purport to affect the terms of the instrument." If this rule of the code has no application to a collateral agreement, it certainly would not apply to escrow instructions under which

the deed was prepared, and the purpose of which was to direct and specify the subject matter or contents of the deed. Judgment affirmed.

Seawell, J., and Preston, J., concurred.