## PESCIARELLI *v.* TRESTAIN.

1. VENDOR AND PURCHASER—RESCISSION—DELAY—CHANGE OF CIRCUMSTANCES—WAIVER.

A purchaser is not entitled to rescind a land contract where he has knowledge of grounds upon which he is entitled to rescind and delays doing so for an unreasonable length of time and the delay is accompanied by such change of circumstances as makes it impracticable for him to place the vendor *in statu quo* or the vendee's acts or conduct constitute a waiver.

2. RESCISSION—EACH CASE DECIDED ON OWN FACTS.

No all-embracing rule can be laid down as to the right of rescission or what constitutes waiver, estoppel, laches or election of remedies as each case must be decided on its own facts.

3. VENDOR AND PURCHASER—RESCISSION—SIDEWALKS—SHADE TREES
   —DELAY—DEPRESSED MARKET.

   Assignee of purchaser under a land contract who knew of con-
   dition of property, and of vendor's failure to construct side-
   walks in front of all the lots in the subdivision and to plant
   a shade tree on each lot requiring it, for nearly eight years
   after becoming an assignee and had made no payments what-
   ever for five years before commencing action based on rescis-
   sion because of vendor's breaches of contract *held*, not entitled
   to rescission and recovery of payments made where, during
   long delay, the market for real estate had been greatly de-
   pressed and vendor had substantially complied with contract.

4. SAME—RESCISSION—PROMPT ACTION.

   A vendee of land claiming right of rescission against vendor
   must move promptly after the accrual of such right and not
   continue to treat the property as his own awaiting develop-
   ments of the market.

5. EVIDENCE—JUDICIAL NOTICE—DEPRESSION.

   Supreme Court takes judicial notice of the depression and that
   in 1929 property values, particularly those of subdivision prop-
   erty, began to decline in most instances and continued to do so
   for several years.

Appeal from Wayne; Gilbert (Parm C.), J., pre-
siding. Submitted January 13, 1939. (Docket No.
112, Calendar No. 40,168.) Decided March 9, 1939.

Action by Antonetta Pesciarelli, also known as
Mrs. B. Pesciarelli, individually and as assignee of
Grace Napoliello, against George H. Trestain and
wife and Allen L. Sweet and wife for rescission of a
land contract. Directed verdict and judgment for
defendants. Plaintiff appeals. Affirmed.

*H. J. Lippman* (*Paul V. Hutchins*, of counsel), for
plaintiff.

*Maurice P. Rhodes* (*Eugene J. Fisher*, of coun-
sel), for defendant.

McALLISTER, J.   Plaintiff brought an action at law for rescission of an executory land contract and recovery of money paid thereunder.   Plaintiff is the assignee of the original vendee in the contract.

Plaintiff's assignor purchased the lot in question from defendants on February 2, 1925, and after making monthly payments for more than four years, on April 20, 1929, transferred the property to plaintiff, who continued to make monthly payments on the contract for 34 months, until February, 1932.   Many of these payments were less than stipulated in the contract, and after three months of default in which no payments were made, defendants on May 31, 1932, made demand for such payments and gave notice of intention of forfeiture of the contract.   On June 14, 1932, defendants had notice of forfeiture prepared and, according to affidavit of service, it was served on plaintiff the same day.   Plaintiff denies she ever received such notice.   Plaintiff has paid nothing on the lot since February, 1932.

Plaintiff's claim of rescission is based upon breach of covenants by defendants for failure to construct sidewalks in front of all the lots in the subdivision, and to plant a shade tree on each lot which requires it.   Defendants testified that all the necessary trees were planted, and that 50 per cent. of the sidewalks had been built in the entire plat.   Plaintiff disputed this testimony.   However, both parties made a motion for directed verdict, and the trial court on a question of law found for defendants, and thereafter a judgment of no cause of action was entered, from which plaintiff appeals.

In granting defendants' motion for a directed verdict, the trial court held that plaintiff was not entitled to rescind because she continued to treat the contract as in existence after knowledge of the ven-

dor's alleged default, and that she was guilty of unreasonable delay in asserting a right to rescind.

"If the purchaser has knowledge of the grounds upon which he is entitled to rescind, an unreasonable delay upon his part, especially if accompanied by such change of circumstances as makes it impracticable for him to place the vendor *in statu quo,* or by such acts or conduct on the part of the purchaser as constitute waiver, prevents him from exercising his right to rescind." 66 C. J., p. 824.

In *Jacobs* v. *Dearborn Holding Co.,* 270 Mich. 55, this court had occasion to pass upon a question similar to that in the instant case. Plaintiff therein had claimed rescission because of the breach of covenant by defendant in failing to improve a subdivision with cement sidewalks, shade trees, cinderized streets, and other like improvements. Six years after purchase on executory land contract, plaintiff vendee brought his proceeding. In passing upon plaintiff's right to rescission under such circumstances, Mr. Justice Wiest, speaking for the court, said:

"The covenants relating to improvements, when applied to the subdivision in which plaintiff's contract calls for lots, have been substantially complied with and the failure now complained of has been of long standing, fully known to plaintiff, and, with full knowledge thereof, he has continued with performance of the contract and cannot now invoke rescission."

In *Haldane* v. *Sweet,* 55 Mich. 196, rescission of a contract of purchase and sale was sought on the ground, among others, that the premises were incumbered by two public or semi-public alleys, and that the vendor could not, by reason thereof, convey

an unincumbered title as he had contracted to do. The court said:

"The alleys were open to observation at the time, and he must have known all about them and bought with them in mind. If they constituted a technical breach of covenant, they certainly present no equitable claim to a rescission of the purchase."

In *Dolecki* v. *Perry,* 277 Mich. 679, 682, it was said:

"An all-embracing rule cannot be laid down as to the right of rescission or what constitutes waiver, estoppel, laches, or election of remedies. Each case must stand on its own facts. A review of plaintiffs' acts in the premises shows that they are not entitled to rescission. *  *  *  Plaintiffs cannot blow hot and cold at the same time; they cannot rescind after the many acts in affirmance of the contract."

Plaintiff knew of the condition of the property and improvements for nearly eight years after she had become an assignee of the original vendee. For five years prior to the filing of suit for rescission, she had paid nothing whatever on the contract, and had made no demand or complaint during the entire period with regard to the matter of planting sufficient trees on the various lots of the plat, or constructing sidewalks in front of all the lots. Since the time when plaintiff secured her interest under the land contract, the nation went from a period of greatest values in stocks, securities, and real estate to the lowest financial depths in our history. During this time, the stock market crashed, all of the banks of the country closed, values of every kind suffered enormous shrinkage, and the value of the lot in question may be assumed to have been subject to the same deterioration in value. People gambled on the return of previous values. Some held to invest-

ments which they thought would increase in money value. During this entire period, plaintiff held the property, making payments thereon from April, 1929, to February, 1932, never raising any question of failure or partial failure to make the stipulated improvements.

"A vendee of land claiming the right of rescission against his vendor must move promptly after the accrual of such right. If he continues to treat the property as his own awaiting developments before determining whether he will claim rescission, he will not be permitted to rescind. He will not be permitted to experiment with a view of seeing how his purchase will turn out, whether a market goes up or goes down. He must act promptly and within a reasonable time after the accrual of his right to rescind." *Simon* v. *Williams*, 140 Miss. 854 (105 South. 487, 488, 44 A. L. R. 402).

In *Schnitz* v. *Grand River Avenue Development Co.*, 271 Mich. 253, this court said:

"We take judicial notice of the depression, and we are too well aware from the litigation that has been presented to us that in 1929 property values began to recede in most instances, particularly so as to subdivision property. Values continued to fall in the following years, and there was great uncertainty as to whether the decline would continue or whether values would begin to advance again toward their former level. If plaintiff was dissatisfied, he should have acted promptly and, if entitled to rescission, should have given defendant the opportunity to minimize its loss by resale."

By continued performance in making her payments with full knowledge of the existence of the situation of which she now complains, by her delay of eight years to assert a right to return the property

and receive back the money paid thereon, and because the covenants of defendants have been substantially complied with, plaintiff has no right of rescission; if such right ever existed, she has lost it.

There was no error in directing a verdict for defendants.

Judgment affirmed, with costs to defendants.

Butzel, C. J., and Wiest, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred. North, J., took no part in this decision.