[Civ. No. 53500. Second Dist., Div. Four. Sept. 14, 1978.]

ANTHONY SZABO et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
JOHN W. HODGKINSON et al., Real Parties in Interest.

COUNSEL

Bezaire & Bezaire and Maria Bezaire for Petitioners.

No appearance for Respondent.

Crahan & Javelera and Marcus Crahan, Jr., for Real Parties in Interest.

OPINION

**FILES, P. J.—** At issue is whether a buyer of real property may enforce a warranty contained in the agreement for sale notwithstanding the absence of any reference to it in the grant deed that conveyed title. We have concluded that the deed does not necessarily preclude enforcement, and that the trial court erred in making a pretrial order summarily adjudicating that issue against plaintiffs.

A first amended complaint, filed by petitioners, (hereinafter called plaintiffs) alleges that they, as buyers, and the Hodgkinsons, husband and wife, entered into a form of agreement called "Deposit Receipt and Agreement of Sale" whereby the Hodgkinsons agreed to sell to plaintiffs certain real property improved with a structure containing four rental units. The agreement provided "property to be sold 'as is' No termite."

The agreement also contained this language: "Seller represents that said property and the sale thereof conforms with all applicable ordinances, laws, zoning, deed restrictions, and other regulations and agrees to save broker and purchaser harmless on account of breach of any such warranty."

The sale was carried out through an escrow, and a grant deed from the Hodgkinsons to plaintiffs was delivered. The deed was in the conventional printed form provided by a title insurance company, and contained in typewriting this language: "The improvements located on the property which is the subject of this Deed are sold, transferred and conveyed 'AS IS.'" (Capitals in original.)

It is alleged that the required zoning for the rental units was "R-4," but the property was in fact in an "R-1" zone. The first cause of action alleges that defendants knew the property was not properly zoned, and that they intentionally deceived plaintiffs in this respect.

The second cause of action alleges that, in order to induce the plaintiffs to purchase the property, defendants warranted that the property conformed with "all applicable ordinances, laws, zoning, deed restrictions and other regulations," that plaintiffs purchased the property in reliance upon that warranty, and that the property did not conform to the warranty, in that it was in an R-1 zone and three units had been installed without a valid building permit.

The Hodgkinsons and the real estate agents involved in the transaction were named as defendants.

Four of the defendants made a written motion for summary adjudication under Code of Civil Procedure section 437c with respect to certain issues. One adjudication requested was that plaintiffs were not entitled to recover for alleged breach of warranty because breach of warranty damages in a real estate transaction are limited to express warranties made in the deed of transfer.

On April 13, 1978, the court made a minute order which included the following:

"Plaintiffs' second cause of action in their first amended complaint is for breach of a warranty contained in the agreement of sale. As a matter of law, plaintiffs may not maintain a cause of action in breach of warranty in a real estate sales transaction unless the warranty or covenant is expressed in the deed. Provisions of the agreement of sale merge into the deed upon delivery of the latter.

"Defendants are accordingly entitled to summary adjudication of this issue and are further entitled to judgment in their favor under plaintiffs' second cause of action."

We issued our alternative writ to review the correctness of that minute order. We do not express any opinion with respect to any other defense which may be raised to plaintiffs' claims. In particular we do not express any opinion as to the interpretation which should be placed upon the original agreement, the escrow instructions and the deed, since such an interpretation should await a trial at which extrinsic evidence may be received.

■ The rule that prior expressions are merged into the deed is not as broad and absolute as some abbreviated statements of the doctrine might indicate. To begin with, a deed requires interpretation. "It is the duty of the Court to give the deed the same construction that the parties gave it, at the time of its execution. The Court will place itself, as nearly as possible, in the position of the contracting parties, and their intent will be ascertained in the same manner as in the case of any other contract." (*Kimball* v. *Semple* (1864) 25 Cal. 440 at p. 449.)

The concept of merger by deed is an application of the principle of "integration" in written contracts generally. That principle was explained in *Masterson* v. *Sine* (1968) 68 Cal.2d 222, 225 [65 Cal.Rptr. 545, 436 P.2d 561]: "When the parties to a written contract have agreed to it as an 'integration'—a complete and final embodiment of the terms of an agreement—parol evidence cannot be used to add to or vary its terms. [Citations.] When only part of the agreement is integrated, the same rule applies to that part, but parol evidence may be used to prove elements of the agreement not reduced to writing. [Citations.] [¶] The crucial issue in determining whether there has been an integration is whether the parties intended their writing to serve as the exclusive embodiment of their agreement."

In *Mills* v. *The Richmond Co., Inc.* (1922) 56 Cal.App. 774 [206 P. 486], the agreement of sale required the seller to make street and sidewalk improvements in front of the property sold. The deed did not mention that obligation. The court rejected the seller's defense based on merger, and held the contract enforceable. A similar holding is found in *Stiles* v. *Bodkin* (1941) 43 Cal.App.2d 839, 843 [111 P.2d 675].

In *Coughlin* v. *Blair* (1953) 41 Cal.2d 587 [262 P.2d 305] and *Smith* v. *Baker* (1950) 95 Cal.App.2d 877, 882 [214 P.2d 94], preconveyance agreements were enforced without discussion of the doctrine of merger.

Even in cases in which the disputed covenant can hardly be described as collateral, courts have looked to the intention of the parties to determine whether or not the deed was intended as the complete and final embodiment of the agreement.[1]

In *Bryan* v. *Swain* (1880) 56 Cal. 616, the agreement for sale described the parcels of land to be sold. A grant deed of that described land was given. Prior to the delivery of the deed both parties learned that one of the parcels had never been owned by the seller. In an action by the seller to enforce the purchase money note and mortgage, the Supreme Court rejected a defense based upon the condition of the title. The court said at page 617: "There can be no doubt that the plaintiff was obliged, under the agreement, to execute a good and sufficient deed, conveying the title; and if this case depended upon such agreement, the matter pleaded would be a good defense to the action. But the finding of the Court is, that the deed was taken and accepted in execution of the contract of August 10th. The evidence on the point was conflicting, but there was sufficient evidence to justify and sustain the finding of the Court. The rights of the defendants, therefore, depend upon the deed, and not upon the agreement—the latter being merged in and extinguished by the former."

The opinion is of particular interest here in that the merger issue turned upon the intent of the parties as determined upon the evidence after a trial.

---

[1]An annotation on this subject in 38 A.L.R.2d 1310, 1312, 1313, refers to the merger by deed rule as "prima facie." The annotation states: "If there were no other evidence, it would appear that a deed entered into between vendor and vendee would have the effect of extinguishing·unfinished obligations of the vendor arising from a prior contract of sale. In other words, the delivery and acceptance of an executed deed is considered, prima facie, to merge or supersede the provisions of an antecedent contract which imposes obligations upon the vendor. This rule appears to have an almost universal acceptance. At least, it can be said that no court has expressly disapproved the rule, while the great majority have specifically mentioned it, even where the situation is one in which strict application is avoided. [¶] Such avoidance seems to arise out of qualifications or exceptions which have become well recognized in the law. In the first place, the fact that the rule is prima facie would indicate that it may, upon production of proper evidence, be overcome. The qualification most often mentioned in this respect is the one involving what the parties intended. Thus it may be said that the rule of merger is subject to the qualification that a deed whose provisions do not cover stipulations in the preceding contract imposing obligations upon the vendor may be held not to supersede or merge such antecedent provisions where proper and persuasive evidence of an intent that such provisions survive execution of the deed can be shown."

In *Campbell* v. *Miller* (1928) 205 Cal. 22 [269 P. 536], the buyer agreed to purchase real property which was then subject to a lease which was to run two years beyond the date of purchase. The deed made no reference to the lease. In affirming a judgment in favor of the seller upon a purchase money note, the Supreme Court said at page 25: "Defendant contends that he was entitled to rest upon his grant deed and the implied covenant therein against encumbrances suffered by the grantor. Ordinarily this would be so, but in the present instance by an agreement in writing under which the deed was drawn and thereafter executed and delivered, he expressly waived this implied covenant and agreed to accept the title to the property subject to the lease. Defendant has cited authorities to the effect that the deed cannot be varied by parol evidence. This rule has no application to the facts in the present action for the reason that the evidence by which it is sought to explain the deed was not in parol but was in a writing, signed by the defendant, directing the omission from the deed of the very matter upon which he now seeks to rely."

In the light of these authorities it was error for the trial court to interpret the deed without a trial at which evidence might be offered for the purpose of determining whether or not the parties intended it to supersede any covenant with respect to the zoning of the property.

Petitioners also complain of the trial court's ruling on their pretrial motion to amend their complaint. The amendments requested were (1) to substitute the term "R-2" to designate the required zoning in place of "R-4" as alleged in the complaint, and (2) to allege that the value of the property at the time of sale was $23,000 and would have been $47,000 if the warranties had been true. These figures were offered in substitution for allegations of $40,000 and $60,000 respectively. The reason given for the proposed amendments was that plaintiffs had learned that the allegations of their complaint were in error, and they desired to make a correction.

Such an amendment, for such a purpose, is commonly granted even after the commencement of trial. (See Code Civ. Proc., §§ 473, 576; *Landis* v. *Superior Court* (1965) 232 Cal.App.2d 548, 557 [42 Cal.Rptr. 893]; *Morgan* v. *Superior Court* (1959) 172 Cal.App.2d 527, 530 [343 P.2d 62].) The trial court did not give a reason for its ruling. We can only surmise that the court was impressed with defendants' argument that the new allegations as to the value of the property would make it necessary for defendants to employ an appraiser and prepare to present expert

testimony on that subject. The trial has been postponed by reason of the pendency of this writ proceeding. Now that defendants know plaintiffs' revised position with respect to value, defendants will have had ample time within which to prepare to meet it before trial. There now appears to be no reason why plaintiffs should not be allowed to make an amendment to change the figures to those which plaintiffs currently believe to be true.

Let a writ of mandate issue requiring the respondent court to (1) vacate its order of March 10, 1978, insofar as it denies petitioners' motion for leave to amend, and make a new order granting leave to amend the complaint to set forth the zoning designation and the property values as petitioners believe them to be, and (2) vacate its order of April 13, 1978, insofar as it grants the motion for summary adjudication and make a new order denying summary adjudication of the second cause of action.

Kingsley, J., and Jefferson (Bernard), J., concurred.