ALUMNI ASSOCIATION OF the UNIVERSITY OF NORTH DAKOTA, a corporation, Plaintiff and Appellee,

v.

HART AGENCY, INC., Defendant and Appellant.

Civ. No. 9591.

Supreme Court of North Dakota.

July 17, 1979.

Pearce, Anderson, Thames & Durick, Bismarck, for plaintiff and appellee; argued by B. Timothy Durick, Bismarck.

Frederick E. Saefke, Jr., Bismarck, for defendant and appellant.

PEDERSON, Acting Chief Justice.

This is an appeal from a judgment quieting the Alumni Association's title to land known as the Prince Hotel Properties. A counterclaim by Hart Agency, Inc., praying for specific performance of an option which had been exercised, was denied by the court. The option, dated August 28, 1973, was granted to R. M. Hart, individually, and was assigned to Hart Agency, Inc., and exercised by that corporation in accordance with a specific provision in the option. This option was, in effect, removed by the judgment as a cloud on the title.[1] The case was tried as an equitable action before the district court without a jury. As required by Rule 52(a), NDRCivP, findings of fact and conclusions of law were prepared. We affirm the judgment.

The terms of the option that have particular application to this suit specify that:

---

1. See, generally, descriptions of actions to quiet title and to remove clouds from titles, 74 C.J.S. Quieting Title §§ 1–16. Also *Fiebiger v. Fischer*, 276 N.W.2d 241, 246 (N.D.1979).

(1) Hart shall have the exclusive right and option for a period of 180 days to purchase the property for $175,000.00;

(2) When the purchase price is paid in full, the Alumni Association shall convey merchantable title free of all liens and encumbrances; and

(3) The option may be exercised by the giving of a written notice of intention to do so.

The pertinent findings of fact made by the trial court disclose that:

(1) Both Hart and the Alumni Association knew at the time the option was negotiated that the property was leased to First American Bank & Trust Company of which R. M. Hart was president;

(2) The negotiated price contemplated the existence of the lease;

(3) More than six months after the option was exercised, all of Hart's title requirements had been met by the Alumni Association; and

(4) Neither Hart nor his assignee paid or tendered the agreed purchase price within a reasonable time.

Our first consideration involves the matter of our scope of review of fact questions under Rule 52(a), NDRCivP. In Hart Agency's brief it is stated that: "The facts in this case are undisputed," and we find no claim therein that any of the findings of fact are clearly erroneous.

As was stated by the court in *Horton v. United States Steel Corporation,* 286 F.2d 710, 713 (5th Cir.1961), ". . . findings . . . come here well-armed with the buckler and shield . . ." of Rule 52(a). Hart has neither clearly demonstrated that any of these findings of fact are without substantial evidentiary support nor that they were induced by an erroneous view of the law. We conclude that all pertinent findings of fact are supported by substantial evidence, even though some of that evidence is conflicting. Evaluation of credibility where evidence is conflicting is solely a trial court function. We are not left in this case with a definite and firm conviction that in the preparation of the findings of fact a mistake has been made. See *Hultberg v. Hultberg,* 259 N.W.2d 41, 46 (N.D.1977); *Stee v. "L" Monte Industries, Inc.,* 247 N.W.2d 641, 644 (N.D.1976); *In re Estate of Elmer,* 210 N.W.2d 815, 820 (N.D.1973); and *Kleinjan v. Knutson,* 207 N.W.2d 247 (N.D.1973).

The words "unless clearly erroneous" in Rule 52(a) mean "presumptively correct." See 9 Wright and Miller, Federal Practice and Procedure, Civil § 2585; Moore's Federal Practice, ¶ 52.03(1); and *Mills v. Agrichemical Aviation, Inc.,* 250 N.W.2d 663, 666 (N.D.1977). If there is conflicting evidence, the findings of fact are not subject to reexamination by this court. *Berry-Iverson Co. of North Dakota v. Johnson,* 242 N.W.2d 126, 129 (N.D.1976). Where the findings of fact made by the trial court are not challenged on appeal, this court limits its concern to the legal conclusions to be drawn from the facts as found. *Osborn v. Sinclair Refining Company,* 286 F.2d 832 (4th Cir.1960). See also *Sorenson v. Olson,* 235 N.W.2d 892, 897 (N.D.1975).

Accordingly, the issues before us involve the correctness of the two conclusions of law:

(1) Since the lease to First American Bank & Trust Company was not contemplated to be an encumbrance, the title was "merchantable and free of all liens and encumbrances," and

(2) The failure to pay or tender the purchase price within a reasonable time justified the termination of the option.

Assuming that both Hart and the Alumni Association knew of the outstanding lease and contemplated its existence in negotiating the price, a conclusion that the lease is not a lien or encumbrance and does not make the title unmerchantable, as a matter of law, is not erroneous.

Although, ordinarily, an outstanding lease which prevents a a purchaser from taking possession constitutes a lien or encumbrance on the property and makes the

title unmerchantable,[2] an exception applies to those who purchase subject to a lease. See Annotation, Marketable Title (outstanding lease), 57 A.L.R. 1253 at 1401.

The most recent case that we have found which has explicitly stated that "an outstanding leasehold interest is an encumbrance" is *Schuler-Olsen Ranches, Inc. v. Garvin*, 197 Neb. 746, 250 N.W.2d 906, 909 (1977). Few things in life are "absolute" and this rule is not absolute. The meaning of the option, as with all contracts, involves interpreting it "in the light of all the facts and the circumstances."

"A contract may be explained by reference to the circumstances under which it was made and the matter to which it relates." Section 9–07–12, NDCC.

It has been stated that the existence of a lease constitutes a breach of a covenant against encumbrances "notwithstanding the fact that purchaser has knowledge of tenancy." *Downtown Parking Company, Inc. v. Vorbeck*, 524 P.2d 629 (Colo.App.1974). Tiffany, Law of Real Property, 3rd Ed., Vol. 4, §§ 1007, 1008, and 1009, says that, while a lease outstanding in a third person has been regarded as involving a breach of covenant, a different view has been taken where it has been shown that there was agreement that a certain encumbrance was not to involve a violation of the covenant. The author points out, at page 275 of Volume 4, that evidentiary problems can occur in attempts to prove that an exception to the covenant was agreed to; however, in the instant case, both parties introduced evidence as to understandings reached during negotiations for the option, so objections which may have been available to the evidence have been waived.

Powell, *On Real Property*, Vol. 6, § 907, calls outstanding leases "encumbrances" but refers to a necessary qualification "within the contemplation of the parties" in agreeing on the purchase price. It appears that Powell relies in part, by analogy, upon cases involving outstanding easements rather than leases. See, e. g., *Wood v. Evanitzsky*, 168 Pa.Super. 484, 79 A.2d 213 (1951). The Wisconsin cases cited by the Alumni Association were similar—e. g., *Ludke v. Egan*, 87 Wis.2d 221, 274 N.W.2d 641 (1979).

There are specific cases that have found that, under the circumstances, an outstanding lease is not a breach of covenant of merchantability. *Mann v. Montgomery*, 6 Cal.App. 646, 92 P. 875 (1907), is one of the earliest. *Campbell v. Miller*, 205 Cal. 22, 269 P. 536 (1928), held that where the purchaser knew of the existence of the lease and purchased with agreement that title was to be taken subject to the lease, no encumbrance exists. More recently, in *Hawkins v. York*, 2 Cal.App.3d 98, 82 Cal. Rptr. 434, 438 (1969–1970), the California court said:

"We recognize that a lease may ordinarily be considered to be an encumbrance. (See, e. g., *Evans v. Faught* (1965) 231 Cal.App.2d 698, 710–711, 42 Cal.Rptr. 133; *Mann v. Montgomery* (1907) 6 Cal.App. 646, 648, 92 P. 875). But parties to a contract have a right to exclude what they wish from the ambit of any term which they use in their agreement."

We acknowledge that the exclusion was in the written agreement in *Hawkins v. York, supra*, but in the absence of an evidence question, the legal effect of an agreement is not dependent upon whether it is oral or in writing.

It was not error for the trial court to conclude that title to the Prince Hotel Properties was merchantable and free of liens and encumbrances within the contemplation of the parties to the option, even though an outstanding lease had not been cleared.

The Alumni Association argues that there would be, in effect, a merger of the leasehold interest into the fee title if one of the Hart entities became owner of both and, in the alternative, that Hart has waived or should be estopped by his conduct in this

---

**2.** The statutory definition of "marketable title" found in § 47–19.1–01, NDCC, has no application to this case. See definitions in *Overboe v. Overboe*, 160 N.W.2d 650 (N.D.1968), and *City of North Mankato v. Carlstrom*, 212 Minn. 32, 2 N.W.2d 130 (1942).

case, pursuant to the principles expressed in 3A Corbin on Contracts, § 762, at 528. In view of the conclusion we have already reached, our comments on these matters is not necessary for a disposition of the question before us.

■ The final issue relates to the conclusion by the trial court that, as a matter of law, Hart had failed to pay or tender the purchase price within a reasonable time after the option had been exercised and the title cleared of liens and encumbrances.

"Where no time for payment of the purchase price is specified, the law implies that payment will be made within a reasonable time." *Overboe v. Overboe*, 160 N.W.2d 650, 654 (N.D.1968).

Hart relies primarily upon *Amann v. Frederick*, 257 N.W.2d 436, 441 (N.D.1977), wherein we said: "When the optionee exercises his option, he then becomes the owner of the real estate." And the statement in *Kuhn v. Hamilton*, 117 N.W.2d 81 (N.D. 1962), which primarily indicates that a buyer who has exercised an option is entitled to complete the purchase "within the time to be fixed by the court."

Certainly *Amann v. Frederick, supra*, cannot be construed to hold that when an optionee exercises an option which specifies no time for payment, he becomes absolute owner even without regard to subsequent payment within a reasonable time. It was not contended that any payment had been made in this case. The trial court found that a reasonable time for making payment had expired.

We said in *Fettig v. Fettig*, 277 N.W.2d 278 (N.D.1979), that the amount of time which is reasonable is dependent upon circumstances of each case. The trial court's conclusion that the time which expired from the exercise of the option by notice on February 20, 1974, to October 1, 1974, the deadline for completion of the purchase given by the attorney for the Alumni Association, was a reasonable time under the circumstances in this case. We cannot say that this was erroneous as a matter of law.

The judgment is affirmed.

SAND, J., and LARRY M. HATCH and WILLIAM M. BEEDE, District Judges, concur.

ERICKSTAD, C. J., and PAULSON and VANDE WALLE, JJ., deeming themselves disqualified, did not participate; RAY R. FRIEDERICH, LARRY M. HATCH and WILLIAM M. BEEDE, District Judges, sitting in their stead; however, RAY R. FRIEDERICH, District Judge, did not participate in this decision because of his untimely death.