HELEN EDWARDS v. ALBERT CLARK AND RUSSELL A. CLARK.

*Covenant—Breach—Outstanding lease—Evidence—Damages.*

1. In an action for breach of covenant *parol* proof is inadmissible to show that an existing incumbrance was agreed by the parties to be regarded as in fact no incumbrance.

2. The following general propositions are summarized from the opinion of Mr. Justice MORSE:

    *a*—The doctrine established by *Vos v. Dykema*, 26 Mich. 399; *Perrin v. Lepper*, 34 Id. 292; *Hansen v. Prince*, 45 Id. 519; and *Haldane v. Sweet*, 55 Id. 196,—is that the deed passes to the purchaser the right to collect the rent from the tenant, who cannot prevent such collection by refusing to attorn to him.

    *b*—It is as usual, and certainly as competent, to covenant against known as unknown incumbrances or defects of title, and with such a covenant the purchaser is not called upon to exercise any diligence; citing *Smith v. Lloyd*, 29 Mich. 382.

    *c*—Where it is shown by parol that, after the delivery of a deed with a covenant against incumbrances, the grantee accepts an existing tenancy and receives the rent from the tenant, the amount of rent received is properly deducted from the damages found in his favor in an action for breach of such covenant by reason of such outstanding tenancy.

Error to Ingham. (Peck, J.) Submitted on briefs October 31, 1890. Decided November 14, 1890.

Covenant. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Russell C. Ostrander*, for appellant, contended:

1. An outstanding leasehold interest is a breach of the covenant against incumbrances; citing *Jarvis v. Buttrick*, 1 Metc. 480; *Mills v. Catlin*, 22 Vt. 93; *Cross v. Noble*, 67 Penn. St. 74; *Porter v. Bradley*, 7 R. I. 538; *Christy v. Ogle's Exr's*, 33 Ill. 295; *Weld v. Traip*, 14 Gray, 330; *Pease v. Christ*, 31 N. Y. 141.

*H. B. Carpenter*, for defendants, cited the cases referred to in the opinion.

MORSE, J. The plaintiff traded a house and lot in the city of Lansing, heavily mortgaged, for a farm in Wheatfield township, also largely incumbered, and which mortgage was then in process of foreclosure. The deed of defendants conveying the farm was, in form, a usual warranty deed. The covenant against incumbrances is full and without limitation against "all incumbrances whatever;" but, in the covenant to warrant and defend against lawful claims, the mortgage then being foreclosed is mentioned and excepted.

At the time the trade was made, one Bellinger was in possession of the farm under a verbal agreement with defendants. The plaintiff claimed that, when she received the warranty deed of the defendants, Albert Clark told her that Bellinger had no right to stay upon the premises any longer than until such time as defendants should make a sale of the farm; that the agreement between him and defendants was that his lease should terminate as soon as a sale of the premises was made. Defendants claimed that they informed plaintiff that Bellinger was obliged to leave, under the terms of his lease, as soon as a sale was made and his interest in the crops was purchased; if such interest was not purchased, then he would be entitled to remain and harvest them. Upon this conflict of claims, the jury found with the plaintiff.

The exchange of property took place May 9, 1889. Notice was given Bellinger May 10, 1889, and possession demanded, but he refused to leave the premises, and remained upon them until he harvested his crops in the fall. In proceedings taken by plaintiff to recover possession from Bellinger before a circuit court commissioner the decision was against plaintiff, June 22, 1889. June

24, 1889, plaintiff served a notice upon defendants of the result of such proceedings, and in such notice informed them that she claimed immediate possession of the premises under her deed, and that, unless it was secured to her, she would bring an action against them for breach of the covenants of such deed; and authorizing them to use her name in any proceeding they might choose to regain possession. Defendants failing to take any steps to secure the possession to her, she, on January 7, 1890, commenced this suit for damages for breach of covenant against incumbrances. Upon the trial, plaintiff showed the rental value of the premises to be $180 per year. Under Bellinger's arrangement with the defendants, he delivered one-third of the crops to them. Plaintiff made no effort to obtain this one-third after she purchased the premises, but treated Bellinger as upon the land without right. The circuit judge instructed the jury that, by the warranty deed, defendants transferred to plaintiff the right which they had to collect and receive one-third of the crops grown upon the place by Bellinger, and that, in determining the damages, they must deduct, from the rental value for the time that Bellinger kept plaintiff out, the amount of the value of one-third of the crops harvested by him during such time.

This instruction is assigned as error. The position of the defendants in support of the judgment is that the plaintiff, by accepting the deed with Bellinger upon the premises, acquired all the rights as landlord that defendants had, and assumed all the responsibilities; that where land is conveyed in the possession of another, and the rent passes to the grantee as an incident of the reversion, it would seem impossible to call such a lease an incumbrance. Counsel cite, to sustain this position, Rawle, Cov. § 78; *Lindley v. Dakin,* 13 Ind. 388; *Page v. Lashley,* 15 Id. 152; *Kellum v. Insurance Co.,* 101 Id.

455; *Vos v Dykema,* 26 Mich. 399; *Perrin v. Lepper,* 34 Id. 292; *Hansen v. Prince,* 45 Id. 519 (8 N. W. Rep. 584); *Haldane v. Sweet,* 55 Id. 196 (20 N. W. Rep. 902). The cases cited from our own Court do not touch the point in issue here. They simply establish the doctrine that the deed passes to the purchaser the right to collect the rent from the tenant, and that such tenant cannot prevent such collection by refusing to attorn to him. In Indiana, parol proof is held admissible to establish that an existing incumbrance was considered by the parties not to be embraced within the covenants against incumbrances. But the extent to which the cases cited in that state go is that, where a purchaser takes such covenant with the knowledge of the tenant's possession and *title,* the lease will not be considered a breach of the covenant, and where no special contract is made the occupant becomes tenant to the purchaser. *Lindley v. Dakin,* 13 Ind. 388; *Page v. Lashley,* 15 Id. 152.

In this case, if parol proof was admissible to vary or rebut the covenant in the deed, still the circuit judge was wrong in his instructions to the jury, because the plaintiff, under her theory, was informed that Bellinger had no right to occupy the premises for a moment after notice of the sale, and she never recognized any right in Bellinger to remain on the premises, and never accepted him as her tenant. But in this State no parol proof is admissible in an action upon covenants to show that an existing incumbrance was to be regarded in fact as no incumbrance. "It is as usual, and certainly as competent, to covenant against *known* as unknown incumbrances or defects of title;" and, with a covenant of this kind, the purchaser is not called upon for the exercise of any diligence. *Smith v. Lloyd,* 29 Mich. 382, 389. And it is said that the fact of the purchaser having notice of an incumbrance is the very

reason for his taking a covenant within whose scope it is included. Rawle, Cov. (5th ed.) pp. 112–115, and cases cited in notes. Of course, if it could be shown by parol that, after the deed was delivered, the purchaser accepted the tenancy and received the rent from the tenant, the amount of such rent would be a proper deduction from the damages found upon the breach of the covenant; but it is not admissible to hold such purchaser liable for rent that he did not collect under a tenancy or holding that he never recognized or acknowledged.

The judgment is reversed, with costs, and a new trial granted.

CHAMPLIN, C. J., LONG and GRANT, JJ., concurred. CAHILL, J., did not sit.