LITTLEJOHN *v.* SAMPLE.

1. FRAUDS, STATUTE OF—SALES—DELIVERY OF GOODS.

An action for fraudulent warranty or representations that certain mares purchased by plaintiff, as he claimed, were with foal, was not barred by the statute of frauds where the price was actually paid and the subject matter of the contract delivered.

2. SALES—WARRANTIES—EXPRESS WARRANTY—FRAUD.

Where a mare purchased by plaintiff was represented to be with foal, and sound, and where testimony tended to establish defendant's claim that her condition could not be ascertained, but her history justified the representations, only proof of an express warranty of her condition would sustain

a recovery for damages because she was not actually with foal.

3. SAME.

And where the court, in his instructions to the jury, left it to be inferred that if the jury believed a representation as to the mare's condition was made they might find that defendant warranted her to be with foal, as distinguished from fraud and deceit, plaintiff could recover damage for its breach, and further charged the jury that if a representation as to her condition was made and was false, but defendant acted in good faith, having reasonable ground to believe that the statement was true, in such event plaintiff could not recover; there was reversible error for attempting to distinguish between a false warranty and a false representation, both of which are governed by the rule of good faith as set forth in the latter part of the court's charge.

4. SAME—DAMAGES.

Plaintiff's damage could not be increased under a declaration alleging general damages, because he claimed to have wanted mares for breeding purposes; his purpose was immaterial.

Error to Saginaw; Kendrick, J. Submitted November 12, 1912. (Docket No. 169.) Decided December 17, 1912.

Case by Fred Littlejohn against Chester H. Sample for false and fraudulent representations. Judgment for plaintiff. Defendant brings error. Reversed.

*Eaton, Holland & Smith*, for appellant.

*John A. McKay*, for appellee.

OSTRANDER, J. Defendant advertised the sale, at auction, of "two fine chestnut mares, weighing 3,000 pounds, with foal." This in a printed circular in which other personal property was described for sale. The mares were put up for sale, a single bid was received, and they were returned to the stable. Later, on the same day, they were sold at private sale, whether to plaintiff or to another is disputed. Claiming the soundness of the mares and the fact that they were with foal was represented and was

warranted by the vendor, and contending that one of them was not with foal and was unsound, plaintiff sued to recover the damages he sustained. The selling price of the mares was $487.50. The jury returned a verdict for plaintiff for $195. The defendant has assigned 47 errors, and has brought into this court a bill of exceptions, which is presented in 158 printed pages.

Whether plaintiff or one Simpson was the purchaser of the mares was a disputed question of fact. Whether the mares were sold at the buyer's risk or upon representations made in terms of warranty, or of guaranty, was a disputed question of fact. Whether, if sold to be as represented, any damage resulted, and the amount thereof, were questions of fact. These questions were submitted to the jury. The fact that testimony concerning each of these issues was introduced and was conflicting was all that this court needed to be informed about; particular testimony, the admissibility of which was debated and was ruled upon by the court, being exhibited in the bill.

The declaration contains two counts. They are not much unlike. In the first, plaintiff avers a false and fraudulent "representing and warranting the said mares each to be sound and each to be with foal." In the second, the averment is that defendant "falsely warranted the said mares each to be sound and each to be with foal."

It is contended that the trial court did not distinguish an action to recover for breach of warranty and one brought to recover damages for deceit, and instructed the jury that plaintiff might recover upon a showing that defendant warranted the mares to be sound and with foal, ignoring defendant's theory that if plaintiff knew the mares were unsound and not with foal he could not recover in this case for a breach of warranty. We are not sure we understand the significance of this statement. The declaration avers, in both counts, that the property sold was represented to be other than it really was, and that plaintiff bought upon the representations and suffered

injury. Plaintiff alleges, in effect, that he wanted a pair of brood mares, and was attracted by the defendant's announcement that he had a fine pair of such mares, *in foal*, for sale; that he purchased and paid for the mares as sound and in foal; that one of them was not in foal, and was not sound. It cannot be doubted that the jury found that certain material representations were made, for the vendor, respecting the stated conditions of the mares which have been referred to, and were not true in fact. There is no substantial basis for saying that if the representations were made they were true. And the jury, under the charge, must have found that plaintiff purchased the mares relying upon the representations made for the owner, because the matter was distinctly submitted to the jury. The character of the representations which were made, and whether they were intended to be and were relied upon as warranties, were matters submitted to the jury in instructions which fairly state the proper rules.

A contention is made, based upon the statute of frauds, stated in one portion of the brief for appellant in the following language:

"The plaintiff sues on the defendant's warranty, and the undisputed evidence shows that there was no memorandum of the bargain, or any such entry by the auctioneer, as would satisfy the statute. * * * The plaintiff did not pay the money; nor did he have a written contract with the man who did. The defendant, on the other hand, did not know the plaintiff in the transaction, and received the check, not from the plaintiff, but from Simpson, who actually received the mares the next day."

There is more to the same effect. What counsel have overlooked is the testimony tending to prove that plaintiff bought the mares; that they were sold to him; and that Simpson was interposed by plaintiff as his paymaster, and did, for plaintiff, pay the price agreed to be paid. According to plaintiff's theory, the contract was wholly executed—money paid, goods delivered.

If we understand the real contention of appellant, it is

that the court permitted a recovery, if the false representations were found to have been made, upon either of the theories, one of deceitful representations, the other of breach of warranty, that the declaration does not count upon the breach of a warranty, and, in any event, the jury should have been confined to one or the other theory. The force of this contention as establishing reversible error in the particular case arises from the fact that damages were claimed because the mare was not in foal, as well as for her unsound condition. If she was not in foal, as represented, and if, as certain testimony tended to prove, her condition in this respect could not be ascertained, but her history warranted the representations, nothing but an express warranty of her condition would permit a recovery for any injury arising from the fact that she was not in foal. In other words, words of representation, sufficient to operate as an oral warranty of soundness, would, or might, be neither warranties nor false representations as to her being in foal. The charge is open to criticism on account of its arrangement, not because the court did not have in mind the contentions of appellant. The jury was told that—

"Where a representation is made concerning a condition of affairs not susceptible of exact knowledge, the assertion of knowledge is to be taken as meaning no other than a strong belief, founded upon what appears to the defendant to be reasonable and certain grounds. In such a case the question is wholly one of good faith at that time. * * * If you find from the evidence in the case that the condition of the mare as to being in foal at the time of the sale was not susceptible of exact knowledge, and you also find that the defendant, Dr. Sample, acted in good faith in making any statements in regard to this question, * * * the plaintiff cannot recover upon that ground of fraud."

This was a proper statement of the law (*Krause* v. *Cook*, 144 Mich. 365 [108 N. W. 81]) if the words "upon that ground of fraud" had not been employed. The jury

had been instructed that there need be no intentional fraud on the part of defendant, "but it is sufficient if the plaintiff was actually misled, if a guaranty of the animal was made in fact." They had been instructed, also, that, as matter of law, the plaintiff had the right to rely on the statements of the defendant as to the condition and soundness of the mares. And further they were instructed that,—

"If you find, as a matter of fact, from all the evidence in the case that the defendant, or some one authorized in his behalf, stated to the plaintiff that the mares were sound, and that they did not have the heaves, or that they were with foal, such statements would be a warranty; and if any one of them is untrue, then the plaintiff is entitled to recover."

And:

"In other words, any distinct representation or proclamation of the condition and quality of the animals sold, made by the seller himself, or by his constituted agent, in his presence, at the time of the negotiations or the sale, which the said defendants intended, and which the purchaser at the time had reasonable grounds to suppose and believe was intended by the defendant, to effectuate the sale, and, in fact, the purchasers did so believe in making the purchase, and relied thereon, and on the truth thereof, and which was operative in effecting the sale, constitutes a warranty. It is not necessary to show that the seller at the time intended to deceive the purchaser in the sale, and the plaintiff is not required to show that the seller at the time knew the representations at the time to be false; he has the right to rely upon the representations and proclamations made."

These statements are disconnected in the charge. Some of them are, and others are not, specifically referred to in the errors assigned. We have read the entire charge, and cannot escape the conclusion that the jury may have understood, and probably did understand, from it that if they found representation of condition to have been made they might find a warranty of condition,

which was to be distinguished from a fraudulent statement; that if a warranty of condition was made plaintiff could recover; if not, and the representation as to condition was untrue, but based upon good reasons, no recovery could be had as for a fraud. We are constrained, therefore, to reverse the judgment and order a new trial.

The defendant, under the declaration, should not be held liable for any damages resulting from the fact that the mare was not in foal, if the fact could not then be definitely ascertained, and if his representation was made in good faith, with good grounds therefor. No distinction can be made upon this subject, in this case, between a false warranty and a false representation. If conditions warranted the statement, it was not an actionable false warranty, nor an actionable false representation short of a warranty.

And the plaintiff's damages, upon this record, cannot be increased from the fact that he sought to buy a pair of mares for breeding purposes. His purpose in buying them is immaterial. We have examined, but do not comment on, other errors relied upon.

Judgment is reversed, and a new trial granted.

MOORE, C. J., and STEERE, McALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.