NEWTON REALTY COMPANY *v.* FILECCIA

1. Fraud—Damages.

A defrauded party is entitled to recover the difference between the actual value of the property misrepresented at the time of making of the sales contract and the value that it would have possessed if the representations had been true.

2. Damages — Fraud — Value — Market Value — Interchangeability.

Value and market value are generally accepted as synonymous words and are commonly used interchangeably as equivalents of actual value.

3. Fraud—Damages—Value—Purchaser's Purpose—Relevancy.

The purpose of a defrauded purchaser in acquiring property is irrelevant in determining the amount of his damages where that purchaser did not inform the party making the misrepresentation that he had any special purpose in buying the misrepresented property.

4. Fraud—Damages—Rental Property.

A defrauded purchaser of rental property is not entitled to recover the loss of promised net profits but only the difference in the value of the property delivered and what its value would have been had it been as represented.

5. Fraud—Damages—Market Value.

Trial court failure to apply market value as the measure of damages for misrepresentation of gross monthly rentals from an apartment building was reversible error.

References for Points in Headnotes

[1, 3]   37 Am Jur 2d, Fraud and Deceit § 342 *et seq.*
[2]   22 Am Jur 2d, Damages §§ 25, 301, 324.
[4]   37 Am Jur 2d, Fraud and Deceit § 370.
[5]   37 Am Jur 2d, Fraud and Deceit §§ 351, 370.

Appeal from Washtenaw, James J. Kelley, Jr., J., presiding. Submitted Division 2 December 4, 1969, at Lansing. (Docket No. 6,412.) Decided December 9, 1969.

Complaint by Newton Realty Company, Inc., a Michigan corporation, against Nicholas and Antoinette Fileccia and Angelo and Josephine Fileccia for payment of a promissory note. Counterclaim for a setoff based on fraud. Judgment for defendants on setoff. Plaintiff appeals. Reversed and remanded with instructions.

*Burke, Burke, Ryan and Rennell,* for plaintiff.

*Crippen, Dever & Urquhart,* for defendants.

Before: FITZGERALD, P. J., and BRONSON and T. M. BURNS, JJ.

FITZGERALD, P. J. This appeal results from an action on a $9,000 note. Defendants admitted liability, but counterclaimed for a setoff in the amount of $11,000 based on fraud.

In the latter part of 1965, defendants, a group of Ann Arbor investors, began negotiations with the Newton Realty Company for the purchase of an apartment building in the city of Ann Arbor. Plaintiff was acting in the capacity of a real estate agent for the owners of the building. Plaintiff, in order to induce the purchase of this building, had presented defendants with a rent schedule covering the twenty units in the building. This list represented that the gross monthly rentals totaled $2,450, or $29,400 per annum.

In December of 1965, defendants purchased the 20-unit apartment building for $218,000. Possession of the premises commenced in January of 1966.

The purchase price was acquired through mortgage in the amount of $160,000, defendants' own funds of $49,000, and the balance of $9,000 was secured by a note issued to Newton Realty Company. When the January rentals were collected, defendants found them to total $2,327, or $123 less than the rent schedule had represented. On a per annum basis, this shortage amounted to $1,476. Apparently attempts to rescind the above transaction were unsuccessful. During 1966, as the leases expired on the individual units, the rents were raised. At the end of 1966, under the raised rent structure, annual gross rentals totaled $29,484.

In 1967, defendants sold the property in question for a net price of $235,000. When the note securing the $9,000 loan matured, defendants refused to pay, relying on plaintiff's misrepresentation. During the course of the trial, it was stipulated that the amount due on the note, plus interest, was $10,-352.24. The court rendered judgment in favor of plaintiff for the amount due on the note and found for defendants on their counterclaim to the extent of $11,002.22. Judgment was entered on behalf of defendants for $649.98.

The question with which we are faced is whether the trial court used the proper measure of damages in computing the extent of plaintiff's liability for fraud. Plaintiff contends that the proper measure of damages under Michigan law as applied to the instant case is the difference between the fair market value at the time of sale and the represented value of the property at the time of sale. It is further argued that defendants failed to prove that the fair market value was less than the value as represented and hence he is not entitled to a recovery on the counterclaim. In opposition thereto, defendants contend that the proper measure of damages

is manifest in the criteria of the sale itself, which in this case was percentage of return on investment.

In *Paquin* v. *Van Houtum* (1955), 343 Mich 111, p 123, the Supreme Court stated:

"The proper rule of damages in this case is set forth in 24 Am Jur, Fraud and Deceit, § 227, p 55:

" 'The great weight of authority sustains the general rule that a person acquiring property by virtue of a commercial transaction, who has been defrauded by false representations as to the value, quality, or condition of the property, may recover as damages in a tort action the difference between the actual value of the property at the time of making the contract and the value that it would have possessed if the representations had been true. In other words, the defrauded party is entitled to recover the difference between the real and the represented value.' "

See, also, *Chapman* v. *Bible* (1912), 171 Mich 663, and *D'Alessandro* v. *Vander Hooning* (1961), 365 Mich 66.

A thorough examination of the record indicates that the trial court deviated from the generally accepted interpretation of the word "value". In its opinion, the court stated:

"* * * the court believes that the value means more than just market value, it should be value to the parties to whom the misrepresentations were made. The value, then, would be the value for the purpose for which purchased, and that is income-producing property."

The trial court's interpretation is erroneous in two respects. First, the weight of authority does not support the court's definition of the word "value". It is generally accepted that the words value and market value are synonymous. 44 Words & Phrases, Value. Furthermore, in *Anderson* v. *Frischkorn*

*Real Estate Co.* (1931), 253 Mich 668, the Court stated: "The words value and market value are commonly used interchangeably as equivalents of actual value." Secondly, the trial court found that "the value, then, would be the value for the purpose for which purchased," and where, as here, the purchaser did not state any special purpose in buying the property to the party making the misrepresentation, his purpose is irrelevant. *Littlejohn* v. *Sample* (1912), 173 Mich 419.

In *Sherrin* v. *Gevurtz* (1927), 142 Wash 128 (252 P 683), though decided in another jurisdiction, the court had the opportunity to consider the precise question of the measure of damages where the purchaser of rental property has been defrauded as to the amount of actual rental income. In the case cited, *supra,* the court stated:

"[T]he measure of damages is not the loss of the promised net profits, but the difference in the value of the property delivered, and what its value would have been had it been as represented."

Therefore, on the basis of the authorities cited, *supra,* we find that the trial court erred in failing to apply "market value" as the measure of damage in the instant case. A complete examination of the record does not disclose sufficient evidence as would allow us to determine the amount of damages, if any, sustained by defendants. The decision of the trial court is hereby reversed and the case remanded for further findings of fact and a determination of the amount of damages.

Reversed and remanded.

All concurred.